178

859 P.2d 801

**Paul WADDELL, ex rel., ARIZONA DEPARTMENT OF REVENUE**

v.

**MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH and Mayo Clinic Scottsdale.**

**No. TX 91–00067.**

Tax Court of Arizona.

Sept. 17, 1993.

Atty. Gen. by William D. Hostetler, Phoenix, for plaintiff.

Snell & Wilmer by Lawrence F. Winthrop and Janet E. Barton, Phoenix, for defendants.

## OPINION

SCHAFER, Judge.

This case presents two issues: (1) whether the imposition of interest is mandatory upon a judgment rendered by the Tax Court, and if it is, what interest rate applies; and (2) whether the state may include sales tax figures in its property valuation determinations.

Taxpayers and defendants, Mayo Foundation for Medical Education and Research and Mayo Clinic Scottsdale (collectively referred to as "Taxpayers") disputed (1) the Arizona Department of Revenue's ("Department") classifications of several items of personal property, and (2) the Department's inclusion of sales taxes in its estimate of the value of the property when the taxpayers paid no sales taxes because they were statutorily exempt from paying. The case was tried to the Court on stipulated facts.

The Taxpayers prevailed on most of their claims concerning classification and on their claim that the Department should not have included sales tax in its estimate of value. The Department prevailed on two points and the Court ordered a reassessment of the tax, which will result in additional taxes. Although the Department did not request it in its pleadings, it now seeks to impose interest on the additional taxes

at the delinquency rate of sixteen per cent (16%) pursuant to A.R.S. § 42–342.

On the first issue, the imposition of interest, the Court finds that interest is mandatory on any portion of a tax not timely paid, a pleading requesting it is not necessary. The Court further finds, however, that when an additional tax results from a Court's order to reclassify property, the proper interest rate is not the delinquency rate of 16%, it is the "legal rate" of 10%.

On the second issue, the inclusion of sales tax in a valuation determination, the Court finds that the assessor should not have added taxes that were not paid to its determination of value.

## ANALYSIS

### A. Imposition of Interest

There are several statutes throughout the Tax Code which provide for the imposition of interest when taxes are not timely paid. These statutes include A.R.S. §§ 42–134, 42–178, and 42–342 which are relevant to this case.

A.R.S. § 42–134 is the general administrative statute on the imposition of interest. Subsection B of A.R.S. § 42–134 provides:

If the tax, whether determined by the department or the taxpayer, or any portion of the tax is not paid on or before the date prescribed for its payment the department *shall collect, as part of the tax, interest on the unpaid amount* at the rate determined pursuant to this section from the date prescribed for its payment until it is paid.

(Emphasis added.)

■ The plain language of the statute's phrase "shall collect, as part of the tax, interest on the unpaid amount ..." is important for two reasons. First, by its use of the term "shall," the statute makes the collection of interest mandatory, not discretionary. Second, the interest is collected "as part of the tax" and not as a "penalty" as Taxpayers argue. A statute must be given its clear and plain meaning. *Arizona Dept. of Revenue v. Trico Elec.*, 151 Ariz. 544, 547, 729 P.2d 898, 901 (1986).

In the case now before the Court, the Department argues that the imposition of interest on the Court's judgment against Taxpayers is mandatory and that the appropriate rate is the delinquency rate of sixteen per cent (16%) pursuant to A.R.S. § 42–342. The Department's argument is only partially correct.

■ A.R.S. § 42–342 provides in pertinent part:

B. Immediately upon receipt of the tax roll from the board of supervisors, the county treasurer shall publish an official notice specifying:

. . . . .

2. That one-half of the taxes on all personal property secured by real property and one-half of the taxes on all real property will be due and payable October 1, unless the total amount of taxes is ten dollars or less in which case the full amount of the taxes will be due and payable on October 1. Such taxes will be delinquent pursuant to § 42–381, subsection A and *unless paid interest will be added to the tax from the time of the delinquency at the rate of sixteen per cent per year simple,* prorated monthly as of the first day of the month until paid.

A.R.S. § 42–342(B)(2) (emphasis added.)

The Supreme Court of Arizona has previously addressed a similar issue. In *Arizona Dept. of Revenue v. Trico Elec., supra,* 151 Ariz. 544, 729 P.2d 898, the court had to decide whether an interest rate of 16% could be imposed on a taxpayer under A.R.S. § 42–342 when additional assessments were reinstated by the court but the taxpayer had previously paid, prior to delinquency, all taxes recorded on the rolls. The court found that the language of A.R.S. § 42–342 indicates that the 16% interest rate applies only after the taxes are listed on the tax rolls and have become delinquent. *Id.* at 550, 729 P.2d at 904.

The court went on to note that the taxpayer's timely appeal of the superior court's judgment precluded earlier correction of the tax rolls (pursuant to what is

now A.R.S. § 42–178(H)), therefore there were no taxes which were "delinquent" since the taxpayer had paid, prior to delinquency, the tax which actually appeared on the tax roll. Since there were no "delinquent" taxes, A.R.S. § 42–342 did not set forth the applicable interest rate.

The court concluded that while there were no delinquent taxes to which the 16% interest rate could be applied, the Department was entitled to interest on its judgment, but only at the legal rate of interest of ten per cent (10%) under what was A.R.S. § 42–178(E) (now A.R.S. § 42–178(F)).

Subsection F of A.R.S. § 42–178 reads now just as subsection E read when the Court decided *Trico Elec.* The relevant part provides: "Interest at the legal rate on the overpayment or underpayment [of taxes] shall be payable from the date of overpayment or underpayment." A.R.S. § 42–178(F). The "legal rate" rate of interest on judgments is 10%. A.R.S. § 44–1201(A).

This reasoning is equally applicable to the case now before the Court.

Here, Taxpayers paid the taxes which were listed on the tax roll prior to the delinquency date. When the Department complies with this Court's order and the property is reclassified additional taxes will be owed. However, there are no "delinquent" taxes until the rolls are corrected to reflect this Court's judgment *and* the Taxpayers fail to timely pay those taxes. Thus, the delinquency rate of 16% is not applicable at this time. The appropriate interest rate to be charged on any additional assessments which result from this Court's judgment and order to correct the tax rolls is the "legal rate" of 10%.

B. Valuation Including Sales Tax Figures

■ To support its argument that sales tax must be added to the mix of factors in determining the value of Taxpayers' personal property the Department principally relies on the California case of *Xerox Corp. v. County of Orange,* 66 Cal.App.3d 746, 136 Cal.Rptr. 583 (App.1977). The *Xerox*

case may stand for the proposition that a sales tax should be added to the "full cash value" determination for personal property which is leased rather than sold to a taxpayer. However, the Department ignores the fact that the *Xerox* court noted that it was dealing with a "normal sale in a normal market situation" and not with a sale with a "special circumstance," like "immunity from state taxation." That is not the situation in this case; there is a special circumstance here and for that reason the Court does not find the Department's cases dispositive.

A.R.S. § 42–141(A)(5) requires the Department to adopt appraisal methods and techniques for assessors in determining the valuation of property, and to prepare and maintain manuals and guidelines which reflect such methods and techniques. The county assessors, including the Maricopa County Assessor, are required to determine the full cash value of property through the use of the manuals and procedures prescribed by the Department. See A.R.S. § 42–221(B).

The evidence presented to the Court establishes that the valuation methods and techniques applicable here require use of the "original cost" or "purchase price" of the item of personal property as the starting point for calculation of the appropriate tax. See The Arizona Department of Revenue's *Personal Property Manual* adopted for use by County Assessors. Both parties agree that the taxpayers' original cost or purchase price for the items did not include a "sales" tax; the purchases were exempt from excise taxes because they were bought for resale or lease or were purchased from a non-profit organization. This Court has not been pointed to, nor did it find on its own, any guideline or statute allowing a sales tax that was not paid or required to be paid to be added to a property valuation.

When the purchase of property is exempt from sales tax, as is the case here, adding a sales tax figure to the taxpayer's original cost when valuing the property is improper.

Thus, the Taxpayers are entitled to a revaluation of their property and the resulting tax for the 1990 tax year using the properties' original cost or purchase price which did not include sales tax.

This opinion of not a final, appealable judgment. See *Devenir Associates v. City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).