821 P.2d 161

**DEVENIR ASSOCIATES, an Arizona general partnership, Devenir II, an Arizona general partnership, Devenir III, an Arizona general partnership, Devenir IV, an Arizona general partnership, Devenir V, an Arizona general partnership, Plaintiffs/Appellants,**

v.

**CITY OF PHOENIX, a municipal corporation, Defendant/Appellee.**

No. CV–91–0193–PR.

Supreme Court of Arizona, En Banc.

Nov. 19, 1991.

---

the committee, the commission and this court in recommending or imposing discipline."

Beus, Gilbert & Morrill by K. Layne Morrill, Phoenix, for plaintiffs/appellants.

Roderick G. McDougall, Phoenix City Atty., Sandra K. McGee, Asst. City Atty., Phoenix, for defendant/appellee.

Fennemore Craig, P.C. by Paul J. Mooney, Jennings, Strouss & Salmon by Ann M. Dumenil, Lewis and Roca by Patrick Derdenger, Streich, Lang, Weeks & Cardon by John A. Swain, Phoenix, amici curiae.

## OPINION

GORDON, Chief Justice.

Devenir Associates (Devenir) seeks review of the court of appeals' order granting City of Phoenix's (City) motion to dismiss. The issue is whether the court of appeals erred in determining that the tax court's opinion of June 22, 1990, constituted an appealable final judgment. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### FACTUAL AND PROCEDURAL HISTORY

On June 22, 1990, Arizona Tax Court Judge Moroney filed a written, signed "opinion" with the clerk of the court. The opinion outlined the parties' legal arguments and facts, as well as the court's findings of fact and conclusions of law. On September 5, 1990, the tax court entered a "judgment" denying Devenir's motion for summary judgment and granting the City's cross-motion for summary judgment. The court based its judgment on the analysis set out in its earlier opinion.

Devenir filed a notice of appeal on September 24, 1990, within thirty days of the "judgment" date. Subsequently, the court of appeals, in an unpublished order, *sua sponte* dismissed Devenir's appeal as untimely. It held that the opinion that was signed and filed on June 22, 1990 constituted a judgment for purposes of appeal because the opinion "decided the entire case and was written, signed by the judge, and filed with the clerk of the court." Therefore, the notice of appeal filed on September 24, 1990 was untimely because it fell outside that thirty day period allowed for such appeals. The court of appeals cited rule 58(a), Ariz.R.Civ.P., 16 A.R.S., as well as *Focal Point, Inc. v. Court of Appeals*, 149 Ariz. 128, 717 P.2d 432 (1986), to support its conclusion. It concluded that the provisions of A.R.S. § 12–170 do not allow for a different result.

In order to clarify some of the apparent confusion over the statutory interpretation of A.R.S. § 12–170 as to what constitutes an appealable judgment, and how this tax court rule operates in conjunction with the general rules governing appeals, we granted review.

## DISCUSSION

■ The right of appeal, absent pertinent provisions in the state constitution, exists only when a statute specifically grants it. *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981); *People of Faith v. Arizona Dep't of Revenue*, 164 Ariz. 102, 104, 791 P.2d 369, 371 (App. 1990). A.R.S. § 12–2101 empowers the court of appeals to receive appeals. Subsection A states:

> A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

The subsection that authorized the appeal in this case is subsection B. It provides that an appeal may be taken

> [f]rom a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court....

■ We require an appeal be taken from a final judgment to "avoid the constant disruption of the trial process, to prevent appellate courts from considering issues that may be addressed later in trial, and to promote efficiency...." *Barassi v. Matison*, 130 Ariz. 418, 421, 636 P.2d 1200, 1203 (1981).

Rule 58(a), Ariz.R.Civ.P., 16 A.R.S., outlines the requirements for entry of a judgment:

> All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and judgment is not effective before such entry, except that in such circumstances and on such notice as justice may require, the court may direct the entry of a judgment nunc pro tunc, and the reasons for such direction shall be entered of record....

The specific provisions for tax court decisions, judgment and appeals are set out in A.R.S. § 12–170, which provides:

A. The tax court, except when it is sitting as a small claims tax court, shall render its *decision* in writing and, on its own motion or at the request of a party, include a concise statement of the facts found and the conclusions of law reached by the court.

B. In its *judgment* the court shall grant the relief, invoke the remedies and issue any orders which are appropriate to its decision.

C. The *judgment* is final unless within thirty days after the entry of the judgment a notice of appeal is filed with the clerk of the tax court. The appeal shall be heard by a department of division 1 of the court of appeals designated by the chief judge of the division pursuant to § 12–120.04.

(Emphasis added.)

■ The primary principle of statutory construction is to give effect to legislative intent. *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991). We also subject court rules to the same statutory principle. *State v. Stewart*, 168 Ariz. 167, 168, 812 P.2d 985, 986 (1991). If a statute's words do not disclose legislative intent, the court must read the statute as a whole and give meaningful application to all its provisions. *Wyatt*, 167 Ariz. at 284, 806 P.2d at 873. The same consideration must be given to court rules. The court may look at the rule or statute's context, language, effects and consequences, spirit and purpose. *Id.; Martin v. Martin*, 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988).

We do not find § 12–170 to be inconsistent with § 12–2101 and find the court of appeals' interpretation of the two statutes in *People of Faith* persuasive. The court stated that § 12–170(C)

does not authorize a right of appeal that did not exist before but confirms that the procedures for appealing final judgments under A.R.S. § 12–2101(B) also apply to judgments entered by the tax court. It also emphasizes that a final judgment of the tax court becomes absolute and unreviewable if no notice of appeal is filed within the 30 days following its entry. 164 Ariz. at 105, 791 P.2d at 372.

■ In this case, we have a statute that distinguishes between the tax court's *decision* and its *judgment.* The court must, if possible, give meaning to each clause and word in the statute or rule to avoid rendering anything superfluous, void, contradictory, or insignificant. *State v. Garza Rodriguez*, 164 Ariz. 107, 112, 791 P.2d 633, 638 (1990); *State v. Superior Court*, 113 Ariz. 248, 249, 550 P.2d 626, 627 (1976). We do not believe that finding the two statutes to be consistent renders anything in either statute superfluous, void or contradictory. We conclude that the statute does distinguish between a decision and a judgment, and that it is from a judgment alone that an appeal is possible. What the statute does not make clear is whether a decision and a judgment may be combined in one document or whether they must be separate documents.

■ The tax court filed a document entitled "OPINION" on June 22, 1990. In the opinion, the judge outlined the facts of the case and his legal conclusions for reaching its particular outcome. He signed the opinion and it was filed with the clerk's office. At the end of the opinion it stated "IT IS THEREFORE ORDERED denying summary judgment to the taxpayers. IT IS FURTHER ORDERED granting summary judgment to the City of Phoenix."

On September 5, 1990, based on the conclusions in the June 22, 1990 opinion, the tax court entered judgment finding that the City was entitled to the relief requested in its motion for summary judgment. The document filed by the court, entitled "JUDGMENT", stated:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that *judgment be entered* for the defendant, City of Phoenix, and against the plaintiffs, Devenir, Devenir II, Devenir III, Devenir IV, and Devenir V, as follows:

1. Plaintiffs' Motion for Summary Judgment is denied.

2. Defendant's Motion for Summary Judgment is granted.

3. That Plaintiffs take nothing pursuant to this *Judgment.*

Judgment of Arizona Tax Court, September 5, 1990 (emphasis added).

The court of appeals cited *Focal Point, Inc. v. Court of Appeals* to support its conclusion that an opinion signed by the tax court judge and filed by the court clerk constitutes a final judgment. 149 Ariz. 128, 717 P.2d 432 (1986). We believe that *Focal Point* is distinguishable from this case. The issue in *Focal Point* was whether a minute entry entitled "judgment", signed by the judge and filed in the clerk's office constituted an appealable final judgment for purposes of rule 58(a). In *Focal Point,* the court found the minute entry to be appealable. The court focused on the judge's intent and determined that he intended the written minute entry order be taken as a final judgment under rule 58(a). The case did not involve A.R.S. § 12–170.

In this case, we do not believe that the "OPINION" was a final appealable judgment under rule 58 or § 12–170. Using *Focal Point*'s intent analysis, it appears that the judge did not intend for his opinion to operate as an appealable order under rule 58(a). Instead, the opinion appears to be a "decision" as delineated in § 12–170(A). It seems that the judge contemplated the parties having further motions or arguments concerning the findings and conclusions that he had made before making them final by an appealable judgment. We reach this conclusion from the language used in the document entitled "JUDGMENT". He entitled the document "JUDGMENT" and ordered that the judgment be entered at the time the document was filed with the clerk. Therefore, we find the document filed with the court clerk on September 5, 1990 was an appealable judgment as outlined in § 12–170(C). The document entitled "OPINION" gave no such order that judgment be entered, but simply set out the parties' arguments and the court's legal reasoning.

 We find that § 12–170 is unclear because it may be construed to read

that either the decision or the judgment may be the final appealable document, depending on the content of the document filed. Therefore, it is important for the tax court, when it drafts and files an opinion or decision, to clearly and specifically state on the document whether it is the final appealable judgment and that no other order will follow. The *decision,* as contemplated by § 12–170(A), may be the appealable order if it is dispositive of the issues, uses explicit language to indicate that it is also the *judgment* as contemplated by § 12–170(B), and thus is the final act of the court before appeal.

Thus, we hold that, in this case, the appealable judgment was the document filed by the court on September 5, 1990 and entitled "JUDGMENT" and that Devenir timely filed its notice of appeal on September 24, 1990.

## DISPOSITION

Because we find that the tax court's opinion of June 22, 1990 did not constitute an appealable final judgment, the court of appeals erred in granting the City's motion to dismiss. We vacate the court of appeals' unpublished order and find that Devenir complied with the requirement of A.R.S. § 12–170(C) that a notice of appeal be filed within thirty days after the entry of the judgment. We remand the case to the court of appeals for proceedings consistent with this opinion.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.