854 P.2d 164

**AMCAL DIVERSIFIED CORPORATION**

**v.**

**MARICOPA COUNTY; Arizona Department of Revenue.**

No. TX 92–01380.

Tax Court of Arizona.

June 15, 1993.

*City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).

---

1. This opinion is not intended to operate as an appealable judgment. *See, Devenir Associates v.*

**132**

Townsdin, Dybvig & Heimbach, P.C. by Gary W. Heimbach, Tucson, for plaintiff.

Maricopa County Atty. by Rachelle Z. Leibsohn, Phoenix, for defendants.

## OPINION

MURPHY, Judge Pro Tem.

Taxpayer Amcal Diversified Corporation filed this action contesting the 1992 valuation of an apartment complex located on six parcels of land in Phoenix, Arizona. Taxes on five of the six parcels of property were paid late; the parties have stipulated to dismiss these parcels from this action. Although the taxes on the remaining parcel were paid timely, the Defendant Taxing Authorities also seek dismissal of this parcel for failure to state a claim and lack of subject matter jurisdiction. The Court denies the Motion to Dismiss.[1]

The buildings that comprise the subject apartment complex are located on the six parcels of land originally part of this action. For administrative convenience, however, Maricopa County has assigned the value of all twelve buildings to the one parcel of property that remains in this suit. Because the five parcels on which most of the improvements are located have been dismissed from this action, the Taxing Authorities argue the remaining parcel must also be dismissed because land and improvements must be valued as a unit.

The Taxing Authorities cite *Transamerica Dev. Co. v. County of Maricopa*, 107 Ariz. 396, 489 P.2d 33 (1971), in support of this proposition. In that case, the parties agreed upon the value of the land, but disagreed on the value of the improvements. Transamerica argued that because the value of the land had been agreed to, the question before the superior court should be limited to determining the cash value of the improvements.

The court disagreed and held that "when questioning the reasonableness of property valuation for assessment purposes, property valuation must be considered one subject, not to be broken into separate components of land and improvements." *Transamerica*, 107 Ariz. at 399, 489 P.2d at 36. When determining whether the assessor's valuation is reasonable, the court must look at the total valuation of the property, rather than the separate valuation of land and improvements. The Taxing Authorities in this case refer to this as the "unitary value" rule.

█ To the extent that the "unitary rule" even applies to this situation, it is the

---

**1.** This opinion is not intended to operate as an appealable judgment. *See, Devenir Associates v.*

*City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).

County, not the Taxpayer, who has violated it by arbitrarily including all of the improvements in this case on *one* of six parcels. The Taxing Authorities attempt to penalize the Taxpayer for the County's own actions. The Court finds that it is not the Taxpayer's fault the government taxed all of the improvements on one parcel. The Court further finds the Taxpayer has satisfied the statutory prerequisites for maintaining its tax appeal on the remaining parcel and is entitled to pursue its claims.

█ The fact that the County has elected to split the apartment complex into six different parcels should not keep a taxpayer from its day in court on the one parcel upon which it has paid taxes prior to delinquency and fulfilled all other prerequisites. Although the Taxing Authorities may argue that with this ruling the Court will be considering the land valuation of parcels on which taxes were not paid, the Court holds that a taxpayer who meets the prerequisites for a tax appeal on one taxed parcel cannot be denied a hearing on the matter if the taxing authority has chosen to divide the entire unit as it has in this case.

This is not to say a taxpayer can use this type of situation to appeal to the Tax Court by only paying taxes on the lowest valued or lower valued parcel. This is not the case here. The Taxpayer here has paid the taxes on the one parcel of land that contains the valuation for all of the improvements.

█ There remains the practical issue that the Court will face at the time of trial when it has before it only one of six parcels of land and all of the improvements. To resolve this practical problem, the Court will hear testimony on the value of the entire apartment complex (land and improvements) and determine whether or not the property as a whole was overvalued. If a determination of overvaluation is made, the Court will determine the percentage by which the entire property was overvalued and then will reduce the value of the parcel remaining in this action by that percentage.