859 P.2d 208

**CITY OF PHOENIX**

v.

**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT.**

**No. TX 92–00508.**

Tax Court of Arizona.

Aug. 31, 1993.

Phoenix City Atty. by James H. Hays, Phoenix, for plaintiff.

Jennings, Strouss & Salmon by Ann M. Dumenil, Phoenix, for defendant.

## OPINION

SCHAFER, Judge.

The Salt River Project Agricultural Improvement and Power District (SRP) is located in Tempe, Arizona. It operates generating stations in various parts of the state (none in the City of Phoenix) and supplies electrical utility services to customers in Phoenix, in cities and towns surrounding Phoenix, and in parts of neighboring counties Gila and Pinal.

The City of Phoenix performed a multi-city audit of SRP's books for the period of August 1983 through March 1987 and issued a tax deficiency statement assessing additional privilege license and use taxes in the amount of $382,989.02. SRP protested and paid the assessment. At the administrative hearing on the protest, the hearing officer disagreed with most of the City's assessment and decreased it considerably. The City then filed a complaint in this Court seeking to have the original assessment reinstated, alleging that SRP was obligated to pay taxes under § 14–17(c) of the Phoenix City Code on the equipment it bought from Phoenix vendors to whom SRP gave an invalid exemption which allowed the vendors to pay no tax.

### Discussion

SRP resides and does business in Tempe. Section 33–17 of the Tempe City Code provides:

The following shall not be subject to taxation under this ordinance:

. . . . .

8. Sales of machinery, equipment or transmission lines to be used directly in the production or transmission of electrical power, but not including distribution, and, in addition, transformers and control equipment used at transmission substation sites.

When SRP bought equipment like that described in the Tempe ordinance from Phoenix vendors it informed them that it was exempt from paying a "sales/use" tax. Because of the exemption, the vendors did not collect a tax from SRP and the vendors did not pay a tax on the sales to the City of Phoenix.

The exemption SRP relied upon is found in A.R.S. § 42–1452. It states:

Except as otherwise provided in this section, a taxpayer who has paid transaction privilege taxes on a transaction to an appropriate city or town, or qualified for an exemption from transaction privilege taxes under the ordinance of an appropriate city or town, is not required to pay transaction privilege taxes on the same transaction to any other city or town.

SRP argues that since a sale of the type of equipment it bought from Phoenix vendors is exempt from taxes in Tempe under § 33–17 of the Tempe City Code, A.R.S. § 42–1452 requires the City of Phoenix to recognize that exemption and thus no tax is owed to Phoenix on the sale, by either SRP or the Phoenix vendors.

The City disagrees and claims that the Tempe exemption does not allow a Phoenix vendor to avoid taxes on the sales to SRP, that taxes to Phoenix should have been paid by the vendors, and because they were not, SRP is liable for the uncollected tax under Section 14–17(c) of the Phoenix City Code.

Section 14–17(c) of the Phoenix City Code says:

(c) Any person who shall claim and receive an exemption, deduction, exclusion or credit to which he is not entitled under the Phoenix Privilege Tax Act or the Phoenix Use Tax Act, shall be subject to, liable for and pay the tax on the sale or transaction as if the retailer, wholesaler or other person subject to the tax had passed the burden of the payment of the tax to the person wrongfully claiming the exemption and such person wrongfully claiming the exemption shall be treated as if he is delinquent in the payment of the tax and shall be subject to interest and penalties upon delinquency.

In short, the ordinance says that when a buyer claims an exemption from paying taxes on a sale, and the seller relies on that

claim and does not pay the tax, the buyer is liable for the tax.

SRP denies it claimed an invalid exemption; it *was* exempt under the Tempe Code. But *SRP* was not exempt; the Tempe Code exempts the sale, not the parties. Although we may quibble over who actually holds the exemption, that is not important for the purposes of this case. What is important is who benefits from the exemption that must be recognized under A.R.S. § 42–1452.

The purpose of A.R.S. § 42–1452 is to prevent double taxation. For example, when a taxpayer X sells things in city A it pays taxes to A for the privilege of doing business there. When X goes to city B and sells things, both A and B may want to tax X, A because X does business in A, and B because X's sales took place in B. Thus, the same transaction may be taxed twice. Section 42–1452 was designed to prevent that. See the discussion in *City of Prescott v. Town of Chino Valley*, 163 Ariz. 608, 790 P.2d 263 (1989). Unfortunately, § 42–1452 goes beyond double taxation and talks about exemptions. It says that when a taxpayer qualifies for a tax exemption in one city it does not have to pay taxes to any other city on the same transaction. Although this addition complicates things, it is obvious what it has in mind. It wants to prevent taxpayer X, who has an exemption from paying taxes on the sale of widgets in city A, from being taxed by city B, where it has a branch office, on the same sale of widgets. SRP would stretch that a few steps further and say that because the sale of widgets is exempt from taxation in city A, city B may not tax the sale either— even if the sale took place in B and the sellers do not do business in city A. That is not the purpose of § 42–1452. SRP may well reap the benefit of a transaction exemption in Tempe and it may well have the right to have other cities, like Phoenix, recognize its exemption. But it does not have the right to pass its largesse on to Phoenix vendors. Certainly that is not what the Legislature had in mind when it set out to save a taxpayer from double taxation.

In summary, SRP did claim an exemption "to which he is not entitled" within Section 14–17(c) of the Phoenix City Code. A tax should have been paid on the transactions by the Phoenix vendors. The taxes were not paid. SRP must now pay them.

This opinion is not a final, appealable judgment and no other order will follow. See *Devenir Associates v. City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).