866 P.2d 147

**ABRAMS AIRBORNE MANUFACTURING, INC.**

v.

**ARIZONA DEPARTMENT OF REVENUE; Pima County.**

No. TX 93–00536.

Tax Court of Arizona.

Dec. 9, 1993.

Munger and Munger, P.L.C. by John F. Munger, Phoenix, for plaintiff.

Attorney Gen. by Michael F. Kempner, Phoenix, for defendant.

Pima County Atty., Civ. Div. by Alison K. North, Tucson, for Pima County.

## OPINION

SCHAFER, Judge.

The issue in this case is whether A.R.S. § 11–506 allows a refund when the taxpayer

erroneously classified its computer equipment and consequently paid a higher tax.

Taxpayer Abrams Airborne Manufacturing, Inc. (Abrams) brought this Special Action requesting that this Court order Pima County and the Arizona Department of Revenue (collectively "the Government") to refund an alleged overpayment by Abrams of its 1990, 1991 and 1992 personal property taxes. Abrams brings this Special Action under A.R.S. § 11–506.[1]

Abrams alleges that for tax years 1990, 1991 and 1992, it filed business personal property statements for its secured personal property. It admits that it incorrectly listed part of its property, computer equipment, as "machinery and equipment" rather than "Computer Numeric Controlled (CNC) equipment." That error resulted in a higher tax. Now, Abrams wants its mistake classified as an "erroneous assessment" under section 11–506 and a refund of the taxes mistakenly paid.

■ This Court finds that section 11–506 does not provide a remedy for judgmental, non-clerical, non-computational errors by the Taxpayer. The Special Action is denied.[2]

## ANALYSIS

A.R.S. § 11–506 provides in pertinent part:
A. If all or a part of a property tax has been paid on an erroneous assessment ... the county board of supervisors shall direct the county treasurer to grant a refund to the taxpayer, to the extent of the erroneous tax paid pursuant to such erroneous assessment....
B. For purposes of this section, *an erroneous assessment is limited to a clerical or computational error or any other error not involving the exercise of discretion, opinion or judgment by the assessor or the department.* This section does not apply to questions of valuation that can be appealed according to § 42–221 or 42–604. An erroneous assessment does not include

an assessment that is uniformly made according to department of revenue guidelines for all similarly classified property.
A.R.S. § 11–506 (emphasis added).

■ In interpreting a statute, the Court will first examine the language to be interpreted. If that language expresses a clear unequivocal standard, the Court will interpret the statute accordingly; it will look no further for guidance. *Escalanti v. Superior Court,* 165 Ariz. 385, 799 P.2d 5 (App.1990).

This Court found no cases deciding whose mistakes are to be considered when applying section 11–506. From the plain language of the statute four conclusions can be drawn: (1) errors involving judgment or discretion (non-clerical, non-computational errors) are not remediable; (2) only errors "by the assessor or the department" are recognized; (3) before a taxpayer may capitalize on a government error it must first have the assessor verify the error and submit a claim for refund to the treasurer; and (4) the claim must be submitted within three years of the payment.

■ The error in this case is not a clerical or computational error; it is a classification error, a process that involves the exercise of discretion and judgment. *Rico Properties v. Santa Cruz County,* 172 Ariz. 80, 834 P.2d 166 (Tax.1992). And it is the Taxpayer's error, not the Government's. The Taxpayer admits this in its pleadings when it states: "if correctly reported, Petitioner's computer equipment would have been assessed at a lower full cash value, resulting in a lower tax on such equipment." Section 11–506 is limited to clerical or computational errors by the government. So, even if the error in this case were one recognized by section 11–506, the Taxpayer would not be entitled to relief.

## CONCLUSION

Section 11–506 applies to remedy only those "erroneous assessments" which are the result of clerical or computational mistakes

---

1. Taxpayer also filed a petition which is virtually identical to the Special Action disposed of by this opinion. The refund request contained in Taxpayer's petition is also based upon A.R.S. § 11–506.

2. Petitioner's request for oral argument on its Special Action is denied.

made by the assessor or the department of revenue; it does not apply to non-clerical, non-computational mistakes by the taxpayer.

**IT IS ORDERED** denying Taxpayer's Special Action.

This opinion is not a final, appealable judgment; other orders will follow. See *Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).