866 P.2d 152

**BONN & JENSEN CHARTERED**

v.

**ARIZONA DEPARTMENT OF REVENUE, et al.**

No. TX 92–00157.

Tax Court of Arizona.

Dec. 9, 1993.

---

Bonn, Luscher, Padden & Wilkins, Chartered by D. Michael Hall, Phoenix, for plaintiff.

Newmark, Irvine, Macpherson & Mrgray, P.A. by Ian Macpherson, Phoenix, for defendant.

## OPINION

SCHAFER, Judge.

The issue in this case is whether a taxpayer has "reported" property which previously escaped taxation by filling out and filing a Form 82–520,[1] after being requested to do so by a county, or whether, in order to have adequately "reported" escaped property, the taxpayer must affirmatively state somewhere in the Form 82–520 itself or in another document that specific property listed on the Form 82–520 has previously escaped taxation.

During 1988, 1989 and 1990, Bonn & Bonn Partnership owned a building located at 805 North Second Street in Phoenix, Arizona. Bonn & Bonn leased its building to the law firm of Bonn & Pohlman, then to the successor law firm of Bonn & Jensen.[2] The law firm has been in existence and practicing in some form at the 805 North Second Street location since at least 1982.

In 1987 and 1988 the Maricopa County assessor sent to Bonn & Bonn Partnership a State of Arizona Business Property Statement, Form 82–520, which requests the taxpayer to report the original cost and year of acquisition of personal property and additions and changes to the property in subsequent years. Included in the Form is a

---

1. The Department of Revenue has created a State of Arizona Business Property Statement form, commonly referred to as a "Form 82–520," which is prepared by the taxpayer as a list of personal property subject to taxation.

2. From at least January 1, 1988, through April 4, 1989, the law firm was an Arizona corporation,

Bonn & Pohlman, Chartered. From April of 1989, through at least December 31, 1991, the law firm was an Arizona Corporation known as Bonn & Jensen, Chartered. At present the law firm is known as Bonn, Luscher, Padden & Wilkins, Chartered.

Schedule "Q"[3] which requests the taxpayer to "list below other personal property located at your place of business which you do not own." Paul Bonn, both a partner in Bonn & Bonn and a member of the law firm practicing at the 805 North Second Street address, filled out, signed and filed, on behalf of Bonn & Bonn, both the 1987 and the 1988 Form 82–520. In both years Mr. Bonn left Schedule "Q" blank, not listing the property located in the building which belonged to the tenants Bonn & Pohlman or Bonn & Jensen.[4]

In 1991, as part of a routine canvass of personal property in the county, the assessor's office discovered Bonn & Jensen corporation. Upon discovery, the assessor sent to Bonn & Jensen a Form 82–520 requesting that any business personal property be reported for taxation purposes. Bonn & Jensen complied with the request and completed the Form 82–520 reporting the original cost, type and year of acquisition of its personal property. Schedule "U," which requested a list of "unreported personal property for prior years" was left blank. Nowhere on its 1991 Form 82–520 did Bonn & Jensen state that taxes had not previously been paid on any of the property listed. The Form 82–520 was timely returned to the assessor.

Upon receipt of Bonn & Jensen's Form 82–520, the assessor valued and listed the property reported on the form. The assessor also performed a desk audit and determined that all of the property listed had previously escaped taxation. Subsequently, in addition to the 1991 taxes due, Bonn & Jensen was billed for, and timely paid under protest, the escaped tax, penalties and interest imposed for 1988, 1989 and 1990. Bonn

& Jensen is seeking a refund of the escaped tax, penalties and interest.

Bonn & Jensen takes the position that even though it did not specifically state that its property had escaped taxation, it reported this fact by filling out and filing the Form 82–520. It asserts that when the 1991 Form 82–520 is read as a whole it is obvious that Bonn & Jensen was "reporting" that its property had previously escaped taxation. Therefore, it concludes, it should be liable only for the 1991 taxes and relieved of having to pay escaped taxes, penalties and interest for 1988, 1989 and 1990. On the 1991 Form, Bonn & Jensen stated that it had been in business since 1982, it listed all of its property with acquisition dates back to 1982, and noted that the assessor had filled out a "New Account" form for the firm of Bonn & Jensen (apparently indicating that the assessor considered the firm a new one which did not own property in prior years). In its argument to this Court, Bonn & Jensen also pointed out that, although the Form they received from the assessor contained an area designed to list the property of the firm which had been taxed in prior years, that area was blank, indicating the assessor did not believe Bonn & Jensen had any property subject to taxation in prior years.[5] In sum, Bonn & Jensen concludes because the assessor had all the information it needed to determine whether the property listed had escaped taxation in prior years, Bonn & Jensen had therefore "reported" the escaped property.

Maricopa County (the County) takes the position that in order for Bonn & Jensen to have "reported" the escaped property and avoid paying escaped taxes and penalties for the three years prior to the year of discov-

3. In 1988 Schedule "Q" was redesignated as Schedule "T." However, because the schedules were virtually identical, for ease of reference, this opinion will refer to the schedules only as "Schedule 'Q.'"

4. The issue of whether or not Mr. Paul Bonn properly complied with the assessor's request to list personal property when he left Schedule "Q" blank on the Bonn & Bonn Partnership Form 82–520's is not an issue now before this Court. While the Court believes that Mr. Bonn should have more fully completed the Forms, the Court does not construe, as the County does, the two Form 82–520's sent to Bonn & Bonn as requests

sent to Bonn & Jensen for lists of property simply because Paul Bonn was affiliated with both entities and signed the Form 82–520's on behalf of both entities.

5. Section III of the Form 82–520 may contain pre-printed information. It is noted in Section III that the information printed there is the original cost of property reported the previous year. Additionally, the Arizona Department of Revenue's *Personal Property Manual*, in the Chapter discussing Form 82–520, notes that Section III of the Form will be pre-printed with the Assessor's records if the taxpayer reported in prior years.

ery, it must affirmatively tell the assessor that certain property has escaped taxation in prior years. The County initially argued "reporting" was sufficient only if Schedule "U" on the Form 82–520 was completed. However, the County conceded at oral argument that it might be sufficient if the taxpayer states anywhere on the Form, or even in a separate document, that certain property has escaped taxation in prior years. It is the County's position that to avoid penalties and liability for the past three years' taxes, it is not sufficient for the assessor to be able to figure out that property has escaped taxation, rather, even a first-time filer is required to affirmatively tell the assessor that property has previously escaped taxation.

■ The Court agrees with the County. A taxpayer is required to affirmatively tell or "report" that certain property has escaped taxation before the taxpayer will be relieved of paying penalties and escaped taxes for the preceding three years. It is not enough to merely fill out the Form 82–520 but not indicate, in some affirmative manner, that property has previously escaped taxation and taxes have not been paid on specific items of property.

## ANALYSIS

### I. Tax

During the years in question, A.R.S. § 42–236 provided in pertinent part:

D. Except as provided in subsection E any property found by the assessor to have escaped assessment in any year is liable for the taxes for the year in which the discovery was made and for any escaped taxes in the three years immediately preceding the year of discovery. The county treasurer shall take whatever action is necessary to collect the taxes and penalty due as provided in this chapter.

E. If the owner of property which has escaped taxation in any year reports to the assessor that such property has escaped taxation, no penalty shall be applied and the assessor shall value such property in order that the taxes for the current year may be levied and collected.

A.R.S. § 42–236(D) and (E). The County argues that the penalties and back taxes in question were imposed under subsection D of section 42–236. Bonn & Jensen argues it is exempt from penalties and back taxes under subsection E because it reported the escaped property. The County counters by arguing what Bonn & Jensen did does not comply with subsection E.

■ When interpreting a statute, this Court will examine the language to be interpreted; where that language expresses a clear unequivocal standard, the Court will interpret the statute accordingly, and look no further for guidance. *Rio Rico Properties v. Santa Cruz County,* 172 Ariz. 80, 834 P.2d 166 (1992). Here, the statute is clear.

Arizona's unsecured personal property tax scheme does not require self-reporting like the income tax scheme or privilege tax scheme. *Tucson Mechanical Contracting, Inc. v. Arizona Department of Revenue,* 175 Ariz. 176, 854 P.2d 1162 (App.1992); A.R.S. § 43–301. However, once the assessor requests a list of property, there is a duty to report all personal property subject to taxation. A.R.S. § 42–236(A) and (D). There is also a duty to report property which has previously escaped taxation if a taxpayer wishes to avoid paying escaped taxes and penalties. A.R.S. § 42–236(E).

The language of subsection E is clear and unambiguous. Only when a taxpayer "reports" that property escaped taxation is the taxpayer relieved of paying escaped taxes. The dictionary definition of "report" is:

[T]o relate, as what has been learned by observation or investigation....

*The Random House Dictionary of the English Language, The Unabridged Version,* 1217 (1981). Clearly by using the word "report" the statute is imposing an affirmative duty on the taxpayer to convey its knowledge to the assessor. To give meaning to the statute it must impose a duty of more than merely providing information from which the assessor can do further research and eventually figure out taxes were not previously paid on the personal property at issue. To read the statute as requiring anything less than an affirmative statement by the taxpayer would be to read subsection E of section 42–

236 as only a reiteration of those statutes requiring the taxpayer to list property when requested to do so.

Here, Bonn & Jensen, in various forms and under different names, has been operating as a law firm since 1982. The firm, initially unincorporated, acquired personal property. Did the firm, in its unincorporated status report that property and pay taxes on it? Did one or more of the firm's members report the property and pay the applicable taxes? These questions were left unanswered in the Form 82–520 filed by Bonn & Jensen. The firm was subsequently incorporated as Bonn & Pohlman. Did that corporation list the personal property it acquired and pay taxes on it? This question was also left unanswered by the Form 82–520 prepared by Bonn & Jensen. In 1989 the law firm changed its name to Bonn & Jensen. It was that entity which the assessor discovered and sent to it a Form 82–520. It was that entity which the assessor required to list its property. But nowhere on the Form 82–520 did Bonn & Jensen report that none of its predecessors had paid taxes on the property listed. To report the escaped property, Bonn & Jensen could simply have noted in Schedule "U" that "All property listed above has escaped taxation."

Bonn & Jensen did not affirmatively report its property had escaped taxation. It merely reported it had personal property subject to taxation. It was the assessor's efforts alone which resulted in the discovery that the property had previously escaped taxation. Consequently, Bonn & Jensen falls within subsection D, not subsection E, of section 42–236, and is liable for escaped taxes and penalties.

## II. Penalties

The County assessed three separate penalties against Bonn & Jensen under subsections A, C and D of section 42–223.[6] The propriety of each of those penalties will be reviewed separately.

### A. A.R.S. § 42–223(A)

■ One of the penalties imposed by the assessor was assessed under subsection A of section 42–223 for failure to file a list of personal property subject to taxation in 1988, 1989 and 1989. Subsection A provides:

Every person owning or having charge or control of property in the state subject to property taxation to whom a form, notice or demand has been sent by the assessor, shall on or before May 1 of each year, *except for property identified in subsection D,* prepare and deliver to the assessor a correct list of such property. *Failure to prepare and deliver the list shall result in a penalty of an additional ten per cent* added to the value of the property for the property tax year. Every assessment made against property subject to taxation . shall be valid whether or not the form, notice or demand was sent or received.

A.R.S. § 42–223(A) (emphasis added).

At least two things are clear from the statute which make it inapplicable to Bonn & Jensen. First, the statute excludes property covered by § 42–223, subsection D, which covers unsecured personal property. Therefore, subsection A is not applicable to lists of unsecured personal property. Since the tax involved here is on unsecured personal property, subsection A does not apply.

■ Second, the penalty is imposed only when the taxpayer fails to prepare and deliver a list of property after one is requested by the assessor. Here, it is undisputed that Bonn & Jensen timely prepared and delivered the 1991 list of its property on the Form 82–520 sent by the County assessor. This was the only list, notice or demand sent to Bonn & Jensen by the County. Therefore, the 10% penalty assessed under subsection A of section 42–223 for failure to file a list in 1988, 1989 and 1990, when such lists were

---

6. The County's moving papers stated that a penalty was assessed pursuant to A.R.S. § 42–236(C). This statement was in error as no penalty was imposed under that section. A.R.S. § 42–236(C) is, therefore, not discussed here. Additionally, the parties' pleadings are unclear as to whether a penalty was actually imposed under A.R.S. § 42–223(D). For clarity, that subsection is discussed; however, if no penalty was assessed and paid under that section the order to refund that particular penalty is not applicable.

never requested, was improper and must be refunded.

### B. A.R.S. § 42–223(C)

The second penalty imposed was under subsection C of section 42–223 which states:

Every list filed with the assessor may be subject to audit. *Upon completion of an audit* or upon discovery of property which has not been reported, *any property found to have escaped taxation* shall be liable for the amount of taxes due determined pursuant to § 42–236, subsection D, plus a penalty equal to ten per cent of such amount.

A.R.S. § 42–223(C) (emphasis added).

■ Under subsection C of section 42–223, once an audit has been performed and it is discovered that property has escaped taxation, then imposition of a 10% penalty is appropriate. Here, a desk audit was performed by the assessor and it was discovered all of the property listed by Bonn & Jensen had escaped taxation in prior years. Therefore, imposition of the 10% penalty pursuant to subsection C of section 42–223 was proper.

### C. A.R.S. § 42–223(D)

The third penalty discussed by the parties, and which the County asserted as a proper penalty, was imposed under subsection D of section 42–223. That subsection provides:

The assessor shall require a list to be prepared by the taxpayer for property valued pursuant to §§ 42–601 and 42–601.01. The taxpayer must file the list within forty-five days after the receipt thereof. *Failure to prepare and deliver the list shall result in a penalty of an additional ten per cent* added to the value of the property for the property tax year.

A.R.S. § 42–223(D) (emphasis added).

■ The penalty imposed by subsection D of section 42–223 is applicable only if the taxpayer fails to prepare and deliver a list of property within forty-five days after such is requested by the assessor. Here, it is undisputed Bonn & Jensen prepared and delivered the 1991 list of its property on the Form 82–520 well within the forty-five day period. This was the only list, notice or demand sent to Bonn & Jensen by the County. There-

fore, a 10% penalty assessed for failure to file a list within forty-five days would be improper for 1991. Further, since no list was requested by the assessor in 1988, 1989 or 1990, no penalty may be imposed for those years. The penalty amount, if in fact assessed under this subsection and paid, must be refunded to Bonn & Jensen.

### III. Interest

The County assessed interest against Bonn & Jensen at the rate of 16% under section 42–608, which provides for the imposition of interest on delinquent taxes. That assessment was improper.

■ *Arizona Department of Revenue v. Trico Electric Cooperative*, 151 Ariz. 544, 729 P.2d 898 (1986), succinctly states the rule relating to when the 16% delinquency rate of interest will be applied to assessments. The *Trico* court stated:

[O]nly after taxes listed on the tax rolls have become delinquent can the taxpayer be charged 16% interest on delinquent amounts. Before the statute [A.R.S. § 42–342] applies, however, taxes first must be recorded on the tax rolls.

*Id.* at 550, 729 P.2d at 904. In the case at bench, no taxes were listed on the tax rolls for 1988, 1989, or 1990. As previously stated, our unsecured personal property tax scheme is not a self reporting one and no taxes are due until assessed. If no taxes were due, no taxes could be delinquent. Therefore, the proper rate of interest to be charged on the assessment is the 10% legal rate of interest, not the 16% delinquency rate since no taxes were delinquent at the time of the assessment.

### CONCLUSION

Section 42–236, subsection E, requires a taxpayer, even a first-time filer, to affirmatively report to the assessor that property has previously escaped taxation. Otherwise, the taxpayer is liable for interest, penalties and escaped taxes for the years prior to the year of discovery pursuant to subsection D of section 42–236.

**IT IS ORDERED** granting in part and denying in part Defendant's Motion for Summary Judgment.

**IT IS ORDERED** granting in part and denying in part Plaintiff's cross motion for Summary Judgment.

This opinion is not a final, appealable judgment; other orders will follow. See *Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).