866 P.2d 163

**RINGIER AMERICA**

v.

**MARICOPA COUNTY, et al.**

No. TX 93–00109.

Tax Court of Arizona.

Dec. 9, 1993.

Munger and Munger, P.L.C. by John F. Munger, Tucson, for plaintiff.

Ian Macpherson, County Atty., Phoenix, for defendant.

## OPINION

SCHAFER, Judge.

The parties raise two issues in this case. One is whether the Assessor may audit prior years' personal property tax returns and retroactively impose taxes found unpaid. The other is whether taxes are "delinquent" when a corrected tax bill is mailed out after settlement with a stated delinquency date prior to the date of mailing. But the Court will not decide either issue because of the untimeliness of the appeal.

In the fall of 1990, the Maricopa County Assessor's office audited Ringier America's unsecured personal property statements for tax years 1987 through 1990. The audit found Ringier, in preparing and filing its property tax statements for those years, improperly classified certain equipment. The improper classifications resulted in more favorable depreciation schedules which in turn resulted in lower taxes.

In December of 1990 the Assessor reclassified the equipment and issued a tax bill for an additional $51,970.29 for the years 1987 through 1990. The December bill had a due date of January 14, 1991, and a delinquency date of February 13, 1991.

Ringier filed a petition for review with the Assessor on December 13, 1990. On December 24, 1990, the Assessor denied relief. Ringier appealed to the State Board of Equalization. Again, relief was denied. Ringier then appealed to the State Board of Tax Appeals. In January of 1991, before the State Board of Tax Appeals heard the matter, a settlement was reached—the $51,970.29 due was reduced to $43,430.07.

At the time of settlement, the Assessor informed Ringier a revised tax bill would be issued reflecting the corrected tax amount. On April 3, 1991, a revised tax bill was issued showing $43,430.07 as the amount due. However, the revised tax bill had a stated delinquency date of February 13, 1991, a date approximately 5 weeks before the bill was issued. The delinquency date was the same date as the delinquency date of the original tax bill. On April 23, 1991, Ringier paid the taxes.

On April 9, 1993, Ringier filed a document with the Tax Court entitled "Petition for Special Action and Complaint and Appeal from Denial of Tax Refund." This Court dismissed that portion of the document entitled "Petition for Special Action" stating a special action is not appropriate where an appeal lies. On May 20, 1993, Ringier filed a motion for reconsideration arguing an "appeal" under A.R.S. § 11-506 is required to be by way of special action and Ringier's complaint was made under section 11-506. This Court denied the motion noting claims under section 11-506 are limited to refunds arising only from an "erroneous assessment" and Ringier's claims were not based on an "erroneous assessment."[1] This Court treated

---

1. At oral argument, Ringier attempted to convince this Court that the section 11-506 action is somehow still pending, even after the Court's *sua sponte* dismissal of the "Petition for Special Action" and the Court's denial of the motion for reconsideration. The June 14, 1993, minute entry denying reconsideration of its earlier dismissal of Ringier's "Petition for Special Action," states in pertinent part:

  [W]hen a taxpayer files a special action from an 11-506 decision, it is limited to arguing only that there was an "erroneous assessment," and that phrase is limited "to a clerical or computational error or any other error not involving the exercise of discretion, opinion or judgment by the assessor or the department." The taxpayer's action here does not claim a clerical or computation error; it claims an incorrect valuation by the assessor, discrimination and an inability of the assessor to impose retroactive taxes. Those things are not cogni-

Ringier's April 9th document requesting relief under section 11–506 as an appeal under section 42–176.

On July 22, 1993, the County filed a motion to dismiss the appeal or, in the alternative, a motion for summary judgment. The County asserts alternative grounds for dismissal: (1) Ringier failed to state any claim under section 11–506 because there was no "erroneous assessment;" and (2) the Tax Court must dismiss the case because the taxes at issue were not paid prior to delinquency. Ringier opposes the motion arguing: (1) its claims are the result of an "erroneous assessment;" and (2) the Assessor waived delinquency on the original tax bill.

## ANALYSIS

■ Section 11–506 states:

A. If all or a part of a property tax has been paid on an erroneous assessment after such assessment is first verified by the county assessor and then verified by the department of revenue, the county board of supervisors shall direct the county treasurer to grant a refund to the taxpayer, to the extent of the erroneous tax paid pursuant to such erroneous assessment, after correcting the tax roll, provided the taxpayer submits a claim on a form approved by the department to the county treasurer within three years after the payment of such erroneous tax. Such claim shall be processed in the same manner and subject to the provisions as provided in § 11–505.

B. For purposes of this section, an erroneous assessment is *limited to a clerical or computational error or any other error not involving the exercise of discretion, opinion or judgment by the assessor or the department.* This section does not apply to questions of valuation that can be appealed according to § 42–221 or 42–604.

zable under § 11–506. As the Court [previously noted], those are appeal claims.

After reviewing the two applicable minute entries, there is no room for doubt—Ringier's special action under section 11–506 was dismissed on May 4, 1993 and the dismissal was affirmed on June 14, 1993. That action is no longer pending and Ringier will not be allowed to revive it through creative argument.

An erroneous assessment does not include an assessment that is uniformly made according to department of revenue guidelines for all similarly classified property.

A.R.S. § 11–506 (Supp.1993) (emphasis added).

The County argues Ringier's claims should have been filed under section 42–204. Section 42–204, subsection C, provides:

Within one year after payment of the first installment of the tax, an action may be maintained to recover any tax illegally collected....

Whether Ringier could have filed for a refund under section 42–204 is beside the point because it continues to assert its claims only under section 11–506.

Under section 11–506, Ringier does not claim a computational or clerical error, but instead claims an incorrect valuation by the assessor, discrimination and an inability of the assessor to audit and impose taxes retroactively. It claims that those things fall within that part of section 11–506 directing refunds for "erroneous assessments" arising from "... any other error not involving the exercise of discretion, opinion or judgment by the assessor or the department." A.R.S. § 11–506(B).

The scope of section 11–506 was recently addressed by Division 1 of our Court of Appeals in *S & R Properties v. Maricopa County,* (Ariz.App.1993).[2] The court held section 11–506 provides an administrative avenue for refunds of taxes paid under erroneous assessments. *Id.* However, the court also found section 11–506 directs refunds only for those assessments which are due to "clear and indisputable" errors evident from either the County's own records or from the taxpayer's claim. *Id.*

2. More specifically, in *S & R Properties v. Maricopa County,* (Ariz.App.1993) the appellate court addressed the scope of the 1991 amendments to section 11–506 and the effect of the retroactivity provision contained in those amendments. Although the actual holding in *S & R Properties* is premised upon the application of pre-amendment section 11–506, the court addressed the scope of section 11–506 as it now reads.

It is plain from the pleadings here Ringier's claims are that the Assessor incorrectly valued its property and in doing so acted illegally and in a discriminatory fashion. These are not the kind of indisputable errors section 11–506 has in mind. The nature of the audit process itself takes both it, and virtually any resulting assessment, outside the scope of errors redressible under section 11–506. The decision whether to audit, what years and returns to include in the audit, whether there were improper classifications, and the information to be assessed during the audit all clearly involve the exercise of the Assessor's discretion, opinion and judgment. Errors which result from an exercise of discretion, opinion or judgment of the assessor are specifically excluded from those "erroneous assessments" redressible under section 11–506. A.R.S. § 11–506(B). Therefore, Ringier has failed to establish an "erroneous assessment" under section 11–506.

Additionally, section 11–506 is an improper basis for Ringier's claims for another reason. The court in *S & R Properties* stated:

> The function of the appeal process is to resolve disputed issues of fact and law between taxpayers and the taxing authority.... Consequently, a taxpayer who fails to appeal an alleged erroneous assessment, the determination of which depends on the adjudication of disputed issues of fact or law, may not litigate his right to a refund under section 11–506.

*S & R Properties, supra.* Here, Ringier's claims of illegality, discrimination and improper valuation involve unresolved issues of both law and fact. Its claims fall squarely within the class which must be resolved through the appeal process. Since Ringier may not litigate its right to a refund under section 11–506, its appeal must be brought under another statute.

The appeals process has specific statutory guidelines and filing deadlines for each permitted type of appeal. Appeals of valuation or classification must be filed by November 1st of the year the taxes are assessed. A.R.S. §§ 42–176, 42–177, and 42–256. Appeals of taxes illegally collected must be filed within one year of payment of the tax. A.R.S. § 42–204(C).

Viewing Ringier's appeal as any one of the permitted types of appeals, Ringier failed to timely file its appeal. No appeal to this Court was filed until April 9, 1993. That was nearly two years after payment of the allegedly illegally collected taxes at issue here, and a year and a half after the November 1, 1991, statutory filing deadline for valuation and classification claims. Consequently, this Court must dismiss the action.[3]

## CONCLUSION

Section 11–506 is not applicable to Ringier's claims. The claimed errors are not "erroneous assessments" within section 11–506. Additionally, because Ringier's claims require the resolution of issues of fact and/or law, the claims are not properly the subject of a section 11–506 action. Ringier should have timely raised its claims through an appeal to the Tax Court. It failed to do that. Therefore,

**IT IS ORDERED** granting the Defendants' Motion to Dismiss.

This opinion is not a final, appealable judgment; other orders will follow. See *Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).

3. Due to this Court's resolution against Ringier of the applicability of section 11–506 to this action, the Court need not, and does not, address the issue of whether the subject taxes were delinquent when paid.