178 Ariz. 242 (1994)
871 P.2d 1178
FIRST INTERSTATE BANK OF ARIZONA
v.
STATE of Arizona DEPARTMENT OF REVENUE, et al.
No. TX 93-00826.
Tax Court of Arizona.
March 18, 1994.
John F. Munger, Tucson, for plaintiff.
Pima County Atty. by Peter E. Pearman, Tucson, for defendant Pima County.
Attorney Gen. by Michael F. Kempner, Phoenix, for defendant State.
OPINION
SCHAFER, Judge.
First Interstate Bank of Arizona is licensed to do banking business in Arizona and *243 it has over 40 branch offices in this state. For tax year 1992, the Pima County Assessor taxed all of the bank's personal property as unsecured property. The bank paid the tax but protested, claiming that the property should have been taxed as secured property and because it was not, the bank should get back all the taxes it paid. The Assessor (and the Arizona Department of Revenue) claims it made no mistake; A.R.S. § 42-222 requires a taxpayer to give the Assessor a list of its property, real and personal, and A.R.S. § 42-601 says that if a taxpayer owns less than $200 in real property, its personal property goes onto the unsecured tax roll. This taxpayer, the Assessor says, did not list any real property on its section 42-222 list, and thus, for tax purposes, did not, to the Assessor's knowledge, own real property worth more than $200. The bank counters it did own real property and it was worth much more than $200. The issue, then, is whether the Assessor properly placed the personal property on the unsecured list.
First Interstate filed a combined special action and complaint. The Court dismissed the special action and ruled that the case would continue as an appeal (complaint). Each side then filed a motion for summary judgment. In its motion, First Interstate argued a number of things: the property should not have been placed on the unsecured roll; the defendants did not follow section 42-221(B) (which sets a deadline for the assessor to determine what property is subject to taxation) and thus it deprived plaintiff of certain appeal rights; plaintiff was denied the equal protection of the laws; plaintiff was required to pay its taxes prematurely and is entitled to the "lost time value" of the taxes it paid; plaintiff is entitled to a full refund because of the defendants' illegal conduct; and, plaintiff is entitled to attorneys' fees. The County's motion argues that the statutes and the long-standing practice of the county assessors permitted it to place First Interstate's personal property on the unsecured list; but even lacking such authority, the remedy is not a full refund, only the difference between what was paid and what should have been paid had the property been placed on the secured roll.
FACTS
When a taxpayer owns less than $200 worth of real estate in the county the assessor "shall enter" all of the taxpayer's personal property on a list known as "the unsecured personal property tax roll." A.R.S. § 42-601(A). It's the assessor's job to ascertain all property, real and personal, subject to taxation within his county. A.R.S. § 42-221. One way he does that is by "demand[ing] from each person or firm" a "correct list" of all property owned by that person or firm. A.R.S. §§ 42-222(A), 42-223(D). The Department of Revenue has created a form entitled "State of Arizona Business Personal Property Statement" (known by its form number, 82520) for the taxpayer to list property. Real property is recorded on a "secured" roll; personal property whose owner owns less than $200 in real property goes onto an "unsecured" roll.
In this case, as in all other tax cases, the assessor demanded a list of property from First Interstate and received 82520 forms from First Interstate. Section II of the form has a number of questions about the real estate upon which the taxpayer's personal property is located. Question # 3 is: "Do you own the real estate on which this personal property is located? Yes _ No _. If no, give the name and address of the owner _________." Question # 4 is: "If yes [to whether the real estate is owned], provide the assessor's parcel number of the property: _________."
First Interstate filed fifty-seven 82520 forms in 1992. Neither question # 3 nor # 4 was answered on any of the forms and nowhere on the forms did First Interstate show that it owned real estate in Pima County.
There is no statute stating that when the taxpayer owns real property worth $200 or more its personal property cannot be listed on the unsecured roll. And there is no statute specifically prohibiting an assessor from *244 listing the personal property of a taxpayer who owns $200 or more in real estate on the unsecured roll.
Once a piece of property has been placed on a list, either unsecured or secured, it must (except for three situations which do not apply here) remain there for 5 years. A.R.S. § 42-226.
ANALYSIS
While it is true the statutes do not expressly prohibit an assessor from placing on the unsecured roll personal property of a person who owns $200 or more in real estate, we cannot assume that by lack of such expression the legislative intent was to tell assessors that it could or should be done. When searching for statutory meaning, the tax statutes, like all other statutes, must be read together, as a whole. Rio Rico Properties v. Santa Cruz, 172 Ariz. 80, 91, 834 P.2d 166, 177 (Tax 1992). When all of these statutes are read together the legislative intent is more apparent.
All property, real and personal, unless specifically exempt, is subject to taxation. Ariz. Const., art. IX, § 2. Someone must determine what property there is in the state. That is the job of each county assessor; he ferrets out each piece of property subject to taxation in his county and makes a list. A.R.S. § 42-221(B). To accomplish this daunting task he is permitted to request of each citizen a list of their property. A.R.S. § 42-222(A). When a citizen receives the request, he must report accurately, upon pain of a monetary penalty, each piece of property, real and personal, he owns, controls or possesses. A.R.S. § 42-223(A), (D). From these taxpayer lists, and whatever other investigation he can make, the assessor catalogs the properties, classifies them, assesses their values, and sends his list (roll) to the county board of supervisors, and eventually to the Department of Revenue. A.R.S. § 42-239. Tax bills are prepared from this list.
Whatever the assessor's reasoning in placing First Interstate's property on the unsecured list may have been, the placement was proper because according to the statutes and First Interstate's answers on its 82520 forms, it did not own real property in Pima County. We now know that it did. We cannot fault the assessor for not knowing First Interstate owned real property. He did what he could; he asked the taxpayer what property it owned and he relied upon its answers. He had a right to rely on the taxpayer's representations. It would be impractical to require a county assessor to establish the verity of all responses on 82520 forms. Perhaps that is one of the reasons for section 42-226, which places a 5-year moratorium on changing from list to list once a property is placed on a list  and it makes no exception for "mistakes" of the assessor based on later-acquired facts. Obviously, section 42-226 was designed to stabilize the listings, to make life easier for assessors and to prohibit finagling for tax advantages.
The County argues section 42-226 gives the assessor authority to place property on whatever list it deems appropriate. It takes this argument from what it sees as the underlying assumption of that section, i.e. that property can be switched from list to list. The Court does not agree. The fact that section 42-226 assumes switching will or can be done does not give an assessor any added authority. It is simply a recognition that changes may be necessary and are allowable and makes it clear that some misplacement will be tolerated for a limited period.
In view of the Court's holding, it is not necessary to address the other arguments raised by First Interstate.
CONCLUSION
The legislature has allowed for the county assessors to request lists of a taxpayer's real and personal property. Once such a list is requested, the taxpayer must correctly list its property. The assessors are entitled to rely on the lists furnished by the taxpayer. Hence, the taxpayer will not be allowed to *245 complain that its property was listed on the incorrect tax roll when the taxpayer failed to apprise the assessor of the taxpayer's ownership of real property in the county worth $200 or more. In such a situation the taxpayer is not entitled to a refund of taxes it paid while on the incorrect roll.
IT IS ORDERED granting defendants' motion for summary judgment.
IT IS FURTHER ORDERED denying plaintiff's cross-motion for summary judgment.
IT IS ORDERED denying plaintiff's motion for attorneys' fees and sanctions.
This opinion is not a final, appealable judgment; other orders will follow. See Denevir Associates v. City of Phoenix, 169 Ariz. 500, 821 P.2d 161 (1991).