872 P.2d 679

**STATE of Arizona, ex rel., ARIZONA DEPARTMENT OF REVENUE**

v.

**PHOENIX LODGE NO. 708, LOYAL ORDER OF MOOSE, INC.**

No. TX 91–01599.

Tax Court of Arizona.

April 4, 1994.

---

Atty. Gen. by Michelle M. White, Phoenix, for plaintiff.

Newmark Macpherson & Migray by Stephen C. Newmark, Phoenix, for defendant.

## OPINION

SCHAFER, Judge.

Phoenix Lodge No. 708, Loyal Order of the Moose, Inc., is a non-profit, tax-exempt, fraternal organization. It provides charity for its members and also contributes to the community at-large. It also operates a hall. The hall contains a dining room that is used by members (and their families) only; it is not open to the public. The issue in this case is whether that dining room is a business for which the Lodge must pay a transaction privilege tax.

### Facts

The Phoenix Lodge has 2,700 members. Each member pays an annual fee of $35.00; $8.00 goes to the international Moose organization and the remainder goes to run the Lodge. The Lodge hall consists of a lounge area, a dining room with 140 seats, a meeting room, an administrative office, parking spaces, and an outdoor recreational park. The dining room is open to members only, three to five days a week, two to three hours each day. Members sit at a table to eat, order off a menu, from a waitress, and are presented with a check at the end of the meal. The cook is a full-time employee, and volunteers and part-time workers take care of the rest of the dining room chores. The dining facility has all the accoutrements of a public restaurant—tables, linen, napkins, china, flatware, hostess/cashier station, busboy station, two fryers, a broiler, a stove, two convection ovens, steam table, refrigerators, freezers, a walk-in refrigerator, a dishwash-er, and storage areas. The dining room has always lost money. The lounge, which is adjacent to the dining room and serves alcoholic beverages, is open seven days a week, 14 hours a day, and has always made money for the Lodge.

The Department of Revenue conducted an audit of the Lodge's books for tax years 1985 through 1988 and issued a deficiency assessment for transaction privilege taxes due on the dining room, the lounge and five other activities of the Lodge. The Lodge disputed the assessment and appealed through the administrative process. The entire assessment was canceled and the Department has appealed to this Court only the assessment relating to the dining room and lounge.

The Department argues, quite simply, that the dining facility (the dining room and lounge) is a restaurant, just like any other public restaurant; it is a business and its owners, who gain from its existence, must pay transaction privilege taxes. The Lodge argues that its dining facility is not a restaurant in either the ordinary sense of the word or the statutory sense of the word. The Lodge's purpose, of which the dining facility is one small integral part, is benevolence, not commerce, it argues, and is not taxable.

### Analysis

■ Arizona exacts a privilege tax on business activity. " 'Business' includes all activities or acts ... engaged in ... with the object of gain, benefit or advantage ... but not casual activities or sales." A.R.S. § 42–1301(1). The "restaurant" business is the business of "operating restaurants, dining cars, dining rooms, lunchrooms, lunch stands, soda fountains, catering services or similar establishments where articles of food or drink are sold for consumption on or off the premises." A.R.S. § 42–1310.14(A). Therefore, if the Lodge (1) operates a dining facility selling food or drink on other than a casual basis, (2) for gain, benefit, or advantage, it is in the restaurant business and must pay taxes.

No one disputes that the Lodge sells food and drink in its dining facility. And if "casual" means happening by chance, occasional, irregular, and accidental, and it does (*The*

*Random House Dictionary of the English Language* 324 (1987)), the Lodge does not serve the food or drink on a casual basis. Its activities are planned, coordinated, organized, and predictable. But, does the Lodge reap a "gain, benefit, or advantage" from making a dining facility available for its members and their families?

In *Tempe Life Care Village v. City of Tempe*, 148 Ariz. 264, 714 P.2d 434 (1985) the Tempe Life Care Village, Inc. operated Friendship Village in Tempe as a nonprofit, federally tax-exempt organization as a lifetime residential and health-care facility for senior citizens. Its concept was to cover the costs of growing old as a group function. It provided medical services, food service, housing, recreation, housekeeping and other personal needs to its community as a whole. The City of Tempe exacted a tax on the food service activity. The Village protested and took the issue to the Court of Appeals arguing that it was not subject to the tax because it was not in the restaurant business, it was a charitable institution, and the Village itself derived no gain, benefit or advantage from the activities. The Village argued that if anyone derived a gain, benefit or advantage, it was the individual members. The Court of Appeals disagreed, holding that although charitable, the Village could be engaged in business because it was enough that members of the Village gained a benefit from the Village's activities, and, in fact, the members did derive a gain, benefit or advantage from the activities of the Village. The Village also argued that the meals it supplied were not as a business, but merely incidental to "the whole package of goods and services." Again the Court of Appeals disagreed; the meals were not mere incidents.

This case is much the same: (1) although the Lodge itself may not gain a direct benefit from providing a dining facility for its members, the members, who use the lodge for activities, social and otherwise, certainly do; (2) the fact the dining room does not make a profit does not mean the Lodge is not in business; and (3) the dining facility is not incidental; it is an integrated part of the Lodge's functioning. Consequently, the Lodge is engaged in the restaurant business and its gross proceeds are subject to the transaction privilege tax.

The Lodge claims it is entitled to the "exemption" from tax set forth in section 42–1310.14(B)(3) for fraternal organizations. The Court disagrees.

The tax base for restaurant operations is the gross proceeds of sales or gross income derived from the business. A.R.S. § 1310.-14(B). However, gross proceeds of sales or gross income derived from certain enumerated activities may be "deducted from the tax base." *Id.* One such deduction is gross proceeds or income from:

> Sales by churches, fraternal benefit societies and other nonprofit organizations ... which do not regularly engage or continue in the restaurant business for the purpose of fund raising.

A.R.S. § 42–1310.14(B)(3). Fraternal organizations which do not regularly engage in the restaurant business to raise funds will be allowed to deduct from gross proceeds those amounts related to occasional fund raising activity. *Id.* Or, to reverse it—a fraternal organization which regularly engages in the restaurant business (even for "fund raising") is allowed no deduction. There are no other statutory exemptions which could apply in this case.

It should be noted that both the Department and the Lodge characterize subsection B as an "exemption" section. However, subsection B merely provides that certain groups may deduct amounts attributable to a limited number of activities from their otherwise taxable gross proceeds. Hence, subsection B is not an "exemption" section.

It is clear from the structure of the transaction privilege tax scheme and subsection B(3), that the legislature intended to allow fraternal organizations a deduction from taxable gross proceeds only for occasional fund raisers. To allow a deduction for all operations, as the Lodge urges, would in effect operate to exempt fraternal organizations from the tax. If the legislature meant to exempt all proceeds from a fraternal organization's dining facility, it could have done so in any number of ways. Thus, the Lodge

may not deduct the receipts attributable to its dining facility from its tax base.

### Conclusion

By providing a dining facility and full dining service for its members the Phoenix Lodge No. 708, Loyal Order of the Moose, Inc., is in the restaurant business and it is subject to the transaction privilege tax. Additionally, because of the continuous nature of the food services, the Lodge is not entitled to the deduction from its gross proceeds which is allowed for an occasional fund raiser.

**IT IS ORDERED** granting the State's motion for summary judgment.

**IT IS ORDERED** denying Phoenix Lodge's motion for summary judgment.

This opinion is not a final, appealable judgment; other orders will follow. *See Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).