860 P.2d 1360

**Elmer PARSONS**

v.

**MARICOPA COUNTY; Arizona Department of Revenue.**

No. ST 93–00021.

Tax Court of Arizona.

Oct. 20, 1993.

---

Donald P. Roelke, Phoenix, for plaintiff.

Maricopa County Atty. by Rachelle Z. Liebsohn, Phoenix, for defendants.

## OPINION

SCHAFER, Judge.

The issue in this case is whether appeals to the Tax Court are limited to "one parcel, one appeal."

The Taxpayer is the owner of two parcels of residential rental property. He contested the valuations placed upon his property by filing two appeals with the county assessor, one for each parcel. He carried one appeal to the next step in the administrative process, the Maricopa County Board of Equalization. He did not take his second appeal beyond the assessor level. In this Court, the Tax Court, the final step in the appeal process, he has filed one appeal with two counts, a count for each parcel. Count One contests the 1993 full cash value for parcel number 113–27–054A, located on the west side of 16th Street south of Wood Street in Phoenix, Maricopa County, Arizona. Count Two contests the 1993 full cash value for parcel number 105–79–149, located at 5408 South 11th Avenue in Phoenix, Maricopa County, Arizona.

The Department of Revenue and Maricopa County ("the Government") argue that he cannot do that. They filed a Motion to Sever the two claims into separate lawsuits claiming that a taxpayer may not join, in a single lawsuit, claims involving unrelated parcels. Appeals to the Tax Court, they argue, are limited to "one parcel, one appeal." The Taxpayer argues that joinder of multiple parcels in one appeal is not only permissible under the Arizona Rules of Civil Procedure but is desirable because it saves everyone time and money. The Court agrees with the Taxpayer.

## ANALYSIS

Proceedings before the Tax Court are original, independent proceedings, tried *de novo*. A.R.S. § 12–168(A). Unless there is something contrary in the tax statutes (Chapter 1, Article 4 of Title 12, A.R.S.), the Arizona Rules of Civil Procedure apply to Tax Court. A.R.S. § 12–166. There is no tax statute dealing with the joinder of claims in appeals to the Tax Court. Thus, the Rules of Civil Procedure apply.

Rule 18(a) of the Rules of Civil Procedure states:

A party asserting a claim to relief as an original claim, ... *may join*, either as independent or as alternative claims, *as many claims*, legal or equitable, as the party has against an opposing party.

Without more then, a plaintiff may include in his complaint any number of claims, as many as he has against the other party. The Bar Committee Notes to Rule 18 agree. Excessive joinder, the Committee notes, can be controlled by separate trials under Rule 42(b). Rule 42(b) states:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and

economy, may order separate trial of any claim....

Rule 1 of the Arizona Rules of Civil Procedure directs that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." In keeping with that directive, this Court believes that Rule 18(b) should be given its plain meaning—a taxpayer may join in one appeal *any* claims it may have against the defendants to the action. This includes claims brought by a single owner related to several parcels of property.

The Government argues that the Rules of Civil Procedure are beside the point, a "one parcel, one appeal" rule is required for the Tax Court by A.R.S. § 42–221(E). But the Tax Court does not agree.

A.R.S. § 42–221(E) sets forth procedures for contesting a valuation at the assessor level. It provides:

> Any owner of property which in his opinion has been valued too high or otherwise improperly valued or listed on the roll by the assessor may file a petition with the assessor.... Petitions may include more than one parcel of property if they are part of the same economic unit according to department of revenue guidelines or if they are owned by the same owner, they have the same use, are appealed on the same basis and are located in the same geographic area....

A.R.S. § 42–221(E). By specific language, the legislature restricted the application of A.R.S. § 42–221(E) to the filing of petitions with assessors for an administrative appeal procedure. Nowhere is there an indication that this section should apply to Tax Court proceedings.

The Government has given a number of reasons why the "one parcel, one appeal" rule would be good for the Tax Court—the fact that the Government assigns assessors to each appeal based on the assigned property use codes, the valuations of each property will likely require different evidence, and joinder of more than one parcel is likely to cause confusion. If these potential problems ripen into more than expectancies, each is easily resolved by resort to Rule 42(b). Likewise, the Government's concern of a possible suit involving a taxpayer who joins 300 or more parcels in a single suit is highly unlikely to occur; if it does, that too may be resolved under Rule 42.

Application of Section 42–221(E), or the application of a similar rule, to Tax Court proceedings would be contrary to both the clear language of Rule 18 and the Rule 1 directive that the Arizona Rules of Civil Procedure be interpreted to promote inexpensive, just and speedy results. Handling several claims together conserves valuable time, energy and resources.

## CONCLUSION

An appeal to the Tax Court is not limited to "one parcel, one appeal." A taxpayer may join all tax related claims he has against the Department of Revenue and a county in a single appeal to the Tax Court.

IT IS ORDERED denying Defendants' Motion to Sever and their alternative Motion to Dismiss Count Two.

This opinion is not a final, appealable judgment and no other order will follow. See *Devenir Associates v. City of Phoenix*, 169 Ariz. 500, 821 P.2d 161 (1991).