861 P.2d 699

**7200 SCOTTSDALE ROAD PARTNERS**

v.

**MARICOPA COUNTY; Arizona Department of Revenue.**

No. TX 92–01521.

Tax Court of Arizona.

Oct. 20, 1993.

Nearhood & Associates, P.C. by James R. Nearhood, Phoenix, for plaintiff.

Helm & Kyle, Ltd. by Ileen K. Keenan, Phoenix, for defendants.

## OPINION

SCHAFER, Judge.

The issue in this case is whether a timely filed tax appeal must be dismissed when it is discovered that the Plaintiff's attorney mistakenly named a non-property owner as the Plaintiff. The Court's answer is: not necessarily, and no in this case.

## FACTS

7200 Scottsdale Road Partners is an Arizona partnership (Partnership) that owns the Scottsdale Plaza Resort; 95% of the Partnership is owned by John Dawson; the other 5% is owned by a company controlled by Mr. Dawson. In 1989, Mr. Dawson filed a petition for bankruptcy in federal court. As part of the bankruptcy restructuring plan the Partnership transferred title to the Resort to Mr. Dawson on July 3, 1991. The change in title did not affect the management, operation, or control of the Resort; Mr. Dawson continued to run the Resort.

Sometime in the latter part of 1992, the controller of Mr. Dawson's companies told Mr. Dawson's lawyer that Mr. Dawson wanted to file a tax court appeal contesting the valuation of the Resort for the tax year 1992. The lawyer had previously filed a tax appeal for Mr. Dawson and the Resort for the 1991 tax year and in that appeal the

---

* The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

plaintiff was 7200 Scottsdale Road Partners. When the lawyer filed the appeal for 1992, he assumed that the plaintiff was the same, 7200 Scottsdale Road Partners. He was wrong; no one had told him that title to the Resort had passed from the Partnership to Mr. Dawson in 1991. But he didn't discover that until the summer of 1993 and then he immediately filed a motion to amend the appeal complaint to correct the name of the plaintiff. The government (county and state) opposed the motion and also filed its own motion, to dismiss. The government argued that the appeal Mr. Dawson's lawyer filed was no appeal at all because the named plaintiff did not own the Resort and in Arizona only the owner can file a tax appeal. A correctly named plaintiff is a jurisdictional requirement and therefore, the government continued, the tax court had no jurisdiction of the so-called appeal and without jurisdiction it could not rule on the motion to amend and could do nothing but dismiss the case.

Mr. Dawson pleaded mistake. He asked the court to let him follow through with his good intention to amend the appeal. He pointed out that the government had suffered no prejudice and under Rule 15(c) of the Rules of Civil Procedure the amendment would relate back to the date the appeal was filed, thus making the appeal a timely-filed one.

The Court holds that counsel's mistake should be excused and the appeal should proceed.

## ANALYSIS

It is true, as the government contends, that tax appeals are creatures of statutes, that the requirements of those statutes must be followed, that only the record owner of property may file a valuation appeal, that appeals must be filed by November 1, and that an appeal by a non-owner may be dismissed. See, for instance, *Maricopa County v. Superior Court*, 170 Ariz. 248, 823 P.2d 696 (1991).

It is also true, as Mr. Dawson's lawyer points out, that the Rules of Civil Procedure apply to Tax Court, that Rule 15 of the Civil Rules advises that leave to amend a pleading should be freely given, that amendments are favored unless the opposing party will be unduly prejudiced, that amendments relate back to the date of the original pleading, that there was no guile in designating the wrong plaintiff, that the government hasn't claimed any prejudice from being told of the mistake 16 months after it happened, and that it was Mr. Dawson's lawyer who told the government about the mistake. Although Rule 17 of the Civil Rules requires all actions to be prosecuted in the name of the real party in interest, it also provides that no case will be dismissed when the wrong party prosecutes the action until that party is given a reasonable time to bring in the proper party.

It is obvious that the Rules of Civil Procedure accommodate innocent mistakes. The government realizes this but argues that mistake or not, once the wrong party filed the appeal and November 1 passed, jurisdictional rules of play came into effect and checkmated what was an inchoate appeal. They cite *Maricopa County v. Superior Court, supra,* as dispositive. But it is not. That case stands for one thing—that a property lien holder may not appeal an assessor's property valuation. There was no issue in that case about an innocent mistake in naming the wrong plaintiff. That plaintiff made no mistake; he knew exactly what he was doing. He filed an appeal as a lien holder and he asked the court to rule that it was proper. They ruled it was not, but they said nothing about what the result would have been had an innocent mistake been made.

The government fears that if the Partnership is allowed to amend its complaint to change the name of the plaintiff this Court will be overwhelmed with a flood of tax cases with John Doe plaintiffs, real names to be filled in later. But the Court has no such fear; there is nothing innocent or subtle about a John Doe complaint and such slyness will fool no one.

## CONCLUSION

When the plaintiff's attorney makes an innocent mistake and names a non-prop-

**416**

erty owner as plaintiff in a timely filed tax appeal and upon discovering the mistake immediately makes a motion to amend to name the proper plaintiff, and the government can articulate no prejudice, his motion should be granted.

IT IS ORDERED granting Plaintiff's Motion to Amend.

IT IS FURTHER ORDERED denying Defendants' Motion to Dismiss.

This opinion is not a final, appealable judgment and no other order will follow. See *Denevir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).