866 P.2d 167

Clifford SMOOLE, et al.

v.

MARICOPA COUNTY; Arizona Department of Revenue.

No. TX 92–01066.

Tax Court of Arizona.

Dec. 9, 1993.

Donald P. Roelke, Phoenix, for plaintiff.

Mary Z. Chandler, County Atty., Phoenix, for defendant.

## OPINION

SCHAFER, Judge.

This case requires the Court to determine whether a previous Tax Court judge erred in dismissing a single appeal to the Tax Court filed jointly by two separate taxpayers to contest the valuations of two unrelated properties.

On October 15, 1992, Tye Smoole and Cliff Smoole filed a single appeal to the Tax Court contesting the 1992 valuations of two apartment complexes.[1] One of the complexes, which at one time was owned by Cliff Smoole, is located at 6031 North 61st Street, Glendale, Arizona. The other complex, at one time owned by Tye Smoole, is located at 1110 East Highland, Phoenix, Arizona.

In June of 1992, several months prior to the filing of the appeal, both complexes were sold to Cotterkey Investments, Ltd., an Arizona Corporation (Cotterkey). The Smooles were directors of Cotterkey. Thus, on the date the joint appeal to the Tax Court was filed neither Tye nor Cliff Smoole was an

---

1. On October 29, 1992, plaintiffs filed a first amended complaint. The first amended complaint named as plaintiffs only Tye and Cliff Smoole and contained no material changes from the original complaint.

actual owner of either of the subject properties.

In March of 1993, Maricopa County (the County) filed a motion to dismiss the joint appeal on the ground that the valuation appeals of two separate properties could not be joined in a single suit. In their response to the motion to dismiss, the Smooles argued that the court should take jurisdiction over the case and sever the two claims rather than dismiss the appeal. Also, in their response, it was revealed for the first time the two properties were actually owned by Cotterkey, not the Smooles. Upon learning that the named plaintiffs in the appeal (the Smooles) did not own either of the subject properties, the County promptly filed a supplemental motion to dismiss on the additional ground that since the record owner is the only one allowed to bring a tax appeal, the Tax Court lacked jurisdiction over the joint appeal.

On April 1, 1993, a second amended complaint was filed (without seeking permission of the court) adding Cotterkey as a plaintiff. The second amended complaint was filed five months after the November 1, 1992, statutory deadline for timely filing an appeal to the Tax Court of a 1992 valuation.

On May 6, 1992, Commissioner Robert Murphy, sitting as a Judge Pro Tem of the Tax Court, granted the motions to dismiss finding that the Tax Court lacked jurisdiction over the case. Judge Pro Tem Murphy's ruling was based upon several findings. First, two separate taxpayers owning two separate parcels cannot bring a single joint appeal unless there is one discernable common cause which devalued the properties (there is no discernable common cause here). Second, severance of the two cases is properly considered only where some commonality exists between the parties to begin with (and there is no sufficient commonality here). Finally, the statutes governing tax appeals require that the property owner bring the appeal (the owner did not bring the appeal here).

Now, after entry of a final judgment dismissing the case, the Smooles bring a motion for a new trial arguing that Judge Pro Tem Murphy erred in finding the Tax Court had

no jurisdiction over the case and in dismissing the case. This Court declines the plaintiffs' invitation to overturn Judge Pro Tem Murphy's previous order of dismissal.

## ANALYSIS

Article 6, section 31, of the Arizona Constitution provides for the appointment of judges pro tempore of all courts inferior to the Supreme Court. When a lawyer serves as a pro tem judge he (or she) has all the powers of a regularly elected judge; he is, in every sense of the word, a judge. Commissioner Murphy was appointed a superior court judge pro tem in this case.

 The practice of one superior court judge reviewing or changing what another superior court has done is referred to as a "horizonal appeal." It is frowned upon and is appropriate only in limited situations. Even though a superior court judge may disagree with another superior court judge's decision, he (or she) may not review that decision unless the party requesting review demonstrates "new circumstances" equal to new evidence or previously unavailable evidence. *Hibbs v. Calcot, Ltd.,* 166 Ariz. 210, 214, 801 P.2d 445, 449 (App.1990). *See also Chanay v. Chittenden,* 115 Ariz. 32, 34, 563 P.2d 287, 289 (1977); *Union Rock & Materials Corp. v. Scottsdale Conference Center,* 139 Ariz. 268, 272, 678 P.2d 453, 457 (App. 1983).

 Here the arguments and evidence presented by the Smooles are virtually identical to what they presented to Judge Pro Tem Murphy. There is nothing new. The only variation from the previous argument is the citation of two cases, decided months after Judge Pro Tem Murphy dismissed the case and after the motion for new trial was filed. Not only are the cases inapposite, they do not constitute "new circumstances."

The first of the two cases is *Parsons v. Maricopa County,* 176 Ariz. 307, 860 P.2d 1360 (Tax 1993). The *Parsons* case stands for the limited proposition that a single taxpayer may join all tax related claims he has against the Arizona Department of Revenue and a county in a single appeal to the Tax

Court. This proposition was recognized by Judge Pro Tem Murphy in dismissing the original action brought . by the Smooles. Judge Pro Tem Murphy noted "where one taxpayer owns several parcels ... the Court will take jurisdiction because of the commonality of ownership." The Smooles do not fit within the holding of *Parsons* because they are two separate individuals (non-owners) who attempted to bring a single, joint tax appeal for two separate and unrelated properties.

The second case relied on by the plaintiffs is *7200 Scottsdale Road Partners v. Maricopa County,* 176 Ariz. 414, 861 P.2d 699 (Tax 1993). The *Scottsdale Road Partners* case provides that when a plaintiff's attorney makes an innocent mistake and names a non-party owner as plaintiff in a timely-filed tax appeal, and upon discovering the mistake immediately makes a motion to amend to name the proper plaintiff, and the government can articulate no prejudice, the Court will allow the amendment. That is not this case.

Judge Pro Tem Murphy addressed the question of whether Cotterkey should be belatedly admitted as a plaintiff. In response to the argument that the amendment should be allowed because counsel did not know the Smooles had transferred the properties to Cotterkey, Judge Pro Tem Murphy found it "extremely strange that the individuals did not inform counsel of such when the transfer of title was only a few months prior to the filing of the original appeal in October."

Additionally, plaintiffs never made a motion to amend in order to properly add Cotterkey. Instead, they merely mentioned that Cotterkey is the owner in response to the County's motion to dismiss and then waited nearly two weeks before filing a second amended complaint attempting to add Cotterkey as a plaintiff. Further, Cotterkey was never actually added as a plaintiff because the second amended complaint was filed without permission of the court and without "written consent of the adverse party." Rule 15(a), Rules of Civil Procedure. From all the facts presented to this Court it . appears the Smooles never attempted to follow proper procedures to add Cotterkey as a

plaintiff. The findings of Judge Pro Tem Murphy on the mistaken identity as to the properties' ownership and the plaintiffs' failure to appropriately add Cotterkey takes this case outside the *Scottsdale Road Partners* case.

## CONCLUSION

When a motion for new trial or a "horizontal appeal" is brought before a judge other than the judge who previously dismissed the case, the second judge will not grant the motion in the absence of new evidence or circumstances established by the moving party. The Smooles have presented no new evidence or circumstances warranting relief.

**IT IS ORDERED** denying plaintiffs' motion for new trial.

This opinion is not a final, appealable judgment; other orders will follow. See *Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).