NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JOSE GUERRERO, *Petitioner/Appellee,*

*v.*

SUSIE GUERRERO, *Respondent/Appellant.*

No. 1 CA-CV 22-0586 FC
FILED 7-6-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-070934
The Honorable Lori Ash, Judge *Pro Tempore*

**REVERSED IN PART AND REMANDED**

COUNSEL

Owens & Perkins, PC, Scottsdale
By Max N. Hanson
*Counsel for Petitioner/Appellee*

Rose & Associates, PLLC, Chandler
By Timothy J. Rose
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

---

**K I L E Y**, Judge:

¶1 Susie Guerrero ("Wife") appeals from the provision of the decree (the "Decree") dissolving her marriage to Jose Guerrero ("Husband") that determined that certain real property was community property in disregard of an agreement (the "Rule 69 Agreement") previously reached by the parties pursuant to Arizona Rule of Family Law Procedure ("Rule") 69. Because the Rule 69 Agreement was approved and entered as an order before trial, the court was bound by it when entering the Decree. Accordingly, we reverse the disputed provision of the Decree and remand with instructions that the court amend the Decree to give effect to the parties' Rule 69 Agreement.

## FACTS AND PROCEDURAL HISTORY

¶2 Husband and Wife were married in 2004. Before the marriage, Wife purchased a residence (the "Rosewood property") in El Mirage. During the marriage, the Rosewood property was used as a rental property.

¶3 In 2013, Wife signed a warranty deed conveying the Rosewood property to both parties "as joint tenants with right of survivorship." Along with the warranty deed that Wife signed, both parties signed an "acceptance of joint tenancy" setting forth their mutual intent to accept the conveyance of the Rosewood property. They also executed a deed of trust securing repayment of a mortgage on the property.

¶4 Husband petitioned to dissolve the marriage in 2021.

¶5 In the proposed resolution statement Husband filed pursuant to Rule 76(b)(1)(B), Husband admitted that the Rosewood property was Wife's separate property but asserted that "[f]urther discovery" was required "before [he could] ascertain whether there [was] a community interest in Wife's separate property residence."

**¶6**        Husband and Wife later entered the Rule 69 Agreement to resolve certain issues in dispute. With respect to the Rosewood property, the Rule 69 Agreement provides as follows:

> The parties agree that [Wife] has a separate residence purchased prior to the parties' marriage located at 12240 West Rosewood Lane [*sic*], (hereafter "Rosewood Property"). It is both parties understanding there is no community lien attached to this property. Further, Husband agrees to waive any interest/community lien he may be entitled to.
>
> * * *
>
> Both parties, by their signatures, are knowingly, willingly and voluntarily entering into the terms of this Stipulation and Order; and, both acknowledge that neither one of them was under any force, threat, duress, coercion or undue influence from anyone, including the other party, to sign this Stipulation, and that neither is under any legal disability that would prevent them from understanding the terms of this Stipulation. This Stipulation reflects the parties' entire agreement. Neither party has agreed to something different than that which is stated herein.
>
> The parties understand the legal and practical effects of this Stipulated Order, and the provisions hereof. The parties are competent to contract and fully understand the terms and effects of the Stipulated Order.
>
> This Stipulated Order is being submitted to the Court in the form of a binding Rule 69 Agreement and the parties respectfully request the Court enter same.

The parties lodged a proposed form of order, signed by both parties and their counsel, setting forth the terms of the Rule 69 Agreement's provisions, which the court approved and entered as an order in April 2022.

**¶7**        The court set a trial in July 2022. Before trial, the case was re-assigned to a different judicial officer as part of the superior court's periodic rotation of judicial calendars.

**¶8**        Five days before trial, Husband filed a separate pre-trial statement challenging the validity of the Rule 69 Agreement. Asserting, for the first time, that he did not "realize" that "ownership" of the Rosewood

property "had been transferred" in 2013, Husband claimed that the provision of the Rule 69 Agreement waiving his claim to the Rosewood property was unenforceable because it "was entered under false pretenses."

**¶9** At trial, Husband testified that when he signed the Rule 69 Agreement, he had forgotten having signed the acceptance of joint tenancy in 2013 and mistakenly believed the Rosewood property was titled in Wife's name alone. He explained that he became aware of his ownership interest in the Rosewood property later when he received a property tax bill in the mail with his name on it. Through further investigation, he went on, he learned that his name was on the property deed. Husband testified that he believed Wife intentionally misled him about his interest in the Rosewood property, explaining that she handled the parties' finances during the marriage and "hid a lot of stuff" from him. He asked that the court order the sale of the Rosewood property with the sale proceeds being shared equally by the parties.

**¶10** In her testimony, Wife denied that Husband was misled about the ownership of the Rosewood property, explaining that they went to the bank together to sign the warranty deed and related documents in 2013 and that the documents were explained to them before either party signed them. She further denied Husband's claim that she alone handled the parties' finances during the marriage, insisting that the parties shared that responsibility.

**¶11** After trial, the superior court issued the Decree. The court noted that the Rule 69 Agreement was entered by the court as an order after being "signed by both parties and their attorneys" and further found that Husband "did not seek to set aside, alter or amend" the order approving the Rule 69 Agreement. The court nonetheless stated that A.R.S. § 25-317 required it to "determine . . . whether the agreement is 'unfair.'" Finding "credible evidence" that Husband "did not have full knowledge of the assets that comprise the community estate" when he signed the Rule 69 Agreement, the court found that the Rule 69 Agreement was "unfair as to the Rosewood property." Concluding that "a gift occurred" when the Rosewood property "was re-titled in both of their names" in 2013, the court ordered that the Rosewood property be sold and the proceeds be divided equally between the parties. The court proceeded to rule on legal decision-making, parenting time, child support, and other issues that are not challenged in this appeal.

**¶12** Wife timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶13**      On appeal, a trial court's factual findings are accepted unless clearly erroneous. *Alvarado v. Thomson*, 240 Ariz. 12, 14, ¶ 11 (App. 2016). The trial court's "[c]onclusions of law and the interpretation of statutes and rules," however, "are reviewed de novo." *Id.*

**¶14**      A trial court's allocation of property will be affirmed absent an abuse of discretion. *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010). We will find an abuse of discretion when the record is "devoid of competent evidence to support the [trial court's] decision" or when the court committed "an error of law . . . in the process of reaching a discretionary conclusion." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009) (cleaned up).

**¶15**      Rule 69 provides as follows:

> (a) Validity. An agreement between the parties is valid and binding on the parties if:
>
> > (1) the agreement is in writing and signed by the parties personally or by counsel on a party's behalf;
> >
> > (2) the agreement's terms are stated on the record before a judge, commissioner, judge pro tempore, or certified reporter; or
> >
> > (3) the agreement's terms are stated in an audio recording made before a mediator or a settlement conference officer appointed by the court.
>
> (b) Court Approval. An agreement under this rule is not binding on the court until it is submitted to and approved by the court as provided by law.
>
> (c) Challenge to Validity. An agreement under section (a) is presumed valid, and a party who challenges the validity of an agreement has the burden to prove any defect in the agreement. Under A.R.S. § 25-324, the court may award a party the costs and expenses of maintaining or defending a challenge to the validity of an agreement that was made in accordance with this rule.

**¶16** Wife asserts that the court abused its discretion by "disregard[ing] the Rule 69 Agreement" that had been approved and entered as an order by the previously-assigned judge. Attributing Husband's disavowal of the Rule 69 Agreement to "buyer's remorse," Wife argues that the court erred in "ruling that the Rule 69 Agreement was not enforceable."

**¶17** In response, Husband challenges the enforceability of the Rule 69 Agreement on various grounds. First, he asserts, the Rule 69 Agreement is "legally deficient on its[] face" because it contains no legal description for the Rosewood property, or "even . . . a complete or accurate street address." Instead, the Rule 69 Agreement erroneously identifies the property as the residence located "at 12240 West Rosewood *Lane*" (instead of 12240 West Rosewood *Drive*) (emphasis added), with no mention of the city or state in which the residence is located. The inaccurate and insufficient description of the Rosewood property, Husband argues, leaves the Rule 69 Agreement "void" for "lack of mutual assent."

**¶18** We reject Husband's argument as unsupported by the plain language of Rule 69, which does not require that real property be identified by legal description or mailing address. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 210-11, ¶ 18 (App. 2008) ("[W]e interpret statutes and rules in accordance with the intent of the drafters, and we look to the plain language of the statute or rule as the best indicator of that intent." (citation omitted)). Instead, an agreement satisfies Rule 69 if, *inter alia*, it is set forth in a writing signed by the parties and manifests their mutual assent to the material terms. Ariz. R. Fam. Law P. ("ARFLP") 69(a)(1); *see also Ames v. Ames*, 239 Ariz. 246, 249, ¶ 15 (App. 2016) ("An agreement is formed only when a manifestation of mutual assent occurs."). Mutual assent, in turn, requires that the parties "share[] a common understanding" of the agreement's terms. *See Buckholtz v. Buckholtz*, 246 Ariz. 126, 130, ¶ 13 (App. 2019). Because there can be no dispute that the parties shared a common understanding of the identity of the real property that is the subject of the Rule 69 Agreement, the agreement's failure to set forth the property's legal description or mailing address does not render the Rule 69 Agreement void for lack of mutual assent. *See Holaway v. Realty Assocs.*, 90 Ariz. 289, 290-92 (1961) (rejecting argument that option contract that lacked property description was void for indefiniteness; although contract "failed to describe the individual parcels of land," contract "furnished ample means to identify the particular real property").

**¶19** Husband next argues that in refusing to give effect to the Rule 69 Agreement, the court acted within its authority under A.R.S. § 25-317 "to

exercise its own independent discretion" to determine whether the terms of the parties' agreement for "the disposition of property" are "unfair." The court in a dissolution action "is required to determine whether [separation] agreements . . . are 'unfair,'" he asserts, and that determination requires the court to consider "whether the parties had full knowledge of the property involved and their rights therein." Because he "did not have . . . full knowledge concerning his interests or rights with respect to" the Rosewood property when he entered the Rule 69 Agreement, Husband concludes, the court at trial "correctly set aside and refused to enforce the Rule 69 Agreement as to the Rosewood property."

**¶20**        An agreement pursuant to Rule 69 is not binding "until it is submitted to and approved by the court as provided by law." ARFLP 69(b). Under A.R.S. § 25-317(B), the terms of the parties' separation agreement, except for provisions relating to the support and care of children, are "binding on the court" unless the court finds that "the separation agreement is unfair." Read together, Rule 69 and A.R.S. § 25-317 make clear that a court is not bound by the parties' agreement for the disposition of marital property unless the court approves the agreement after finding that it is not unfair.

**¶21**        Once the court approves a Rule 69 agreement, however, the court is bound by it. ARFLP 69(b) ("An agreement under this rule is not *binding on the court until it is* submitted to and *approved by the court* as provided by law." (emphasis added)). Because the Rule 69 Agreement here was approved and entered as an order prior to trial, the court was without authority to refuse to give effect to the Rule 69 Agreement in its Decree. *See Engstrom v. McCarthy*, 243 Ariz. 469, 472, ¶ 9 (App. 2018) ("Although courts can, in the first instance, reject a Rule 69 agreement, neither [A.R.S. § 25-317(B)] nor [Rule 69] vest courts with discretion to modify an agreement the court has adopted.").

**¶22**        In *Engstrom*, divorcing parents of four children entered a pre-trial Rule 69 agreement to share joint legal decision-making authority. *Id.* at 471, ¶¶ 2, 6. Although the court approved and entered the Rule 69 agreement as an order prior to trial, the dissolution decree awarded the mother sole legal decision-making authority. *Id.* at 471-72, ¶¶ 6-7. On appeal, we held that "[t]he family court erred" by failing to give effect to the parties' Rule 69 agreement in the dissolution decree after the court "had approved it as an enforceable order." *Id.* at 472, ¶ 9 (cleaned up). Once the court accepted the Rule 69 agreement, we found, the court was required to include the terms of that agreement in its decree. *Id.; see also Smith v. Smith*, 1 CA-CV 20-0613 FC (Consolidated), 2021 WL 4123314, at *3, ¶ 16 (Ariz.

App. Sept. 9, 2021) (mem. decision) ("Once accepted, . . . the court loses its ability to modify or reject an agreement" under Rule 69.).

**¶23**        As in *Engstrom*, the court here approved the parties' Rule 69 Agreement and entered it as an order before trial. Therefore, like the court in *Engstrom*, the court here was bound by the terms of the Rule 69 Agreement when entering its Decree. *See Engstrom*, 243 Ariz. at 472, ¶ 9; *see also* A.R.S. § 25-317(D) ("If the court finds that the separation agreement is not unfair as to disposition of property[,] . . . the separation agreement *shall* be set forth or incorporated by reference in the decree of dissolution[.]" (emphasis added)).

**¶24**        The *Engstrom* court recognized that a Rule 69 agreement may be modified after it is accepted but held that such modification may be done only as permitted by other rules and/or statutes. *See Engstrom*, 243 Ariz. at 472, ¶ 10 (noting that "an agreement that was approved and adopted as an enforceable order" may "be subsequently modified" pursuant to the court's authority under "other rules and statutes"). Grounds to modify a Rule 69 agreement may be found, for example, in Rule 83, which authorizes the court to "alter or amend all or some of its rulings" if it finds one of several delineated grounds, including that "the decision . . . is not supported by the evidence or is contrary to law." ARFLP 83(a)(1)(H). Alternatively, the court may grant relief under Rule 85 on grounds that include "fraud," "mistake," and "newly discovered evidence." ARFLP 85(b)(1)-(3); *see also Breitbart-Napp v. Napp*, 216 Ariz. 74, 80, ¶ 17 (App. 2007) (noting that a spouse to a property settlement agreement who discovers "fraud, undue influence, or other misconduct" that would have constituted "ground[s] for the trial court not to initially approve a settlement agreement" may seek relief from the provisions of the settlement agreement by post-decree motion under Rule 85's predecessor).

**¶25**        Relying on this principle, Husband argues that Rules 83 and 85 "provide grounds . . . for altering, amending and providing [him] relief from" the order approving the Rule 69 Agreement. But Husband never moved for relief from the Rule 69 Agreement under Rule 83, Rule 85, or on any other basis. As the Decree expressly notes, Husband "did not seek to set aside, alter or amend" the order approving the Rule 69 Agreement.

**¶26**        Further, the Decree's factual findings provide no basis for relief under Rule 83 or Rule 85. The court made no finding in its Decree, for example, that Wife engaged in any kind of misconduct by concealing information from Husband, nor did the court find that Husband's belated recollection that he signed the acceptance of joint tenancy in 2013

constituted newly discovered evidence. Instead, the court cited only Rule 69 and A.R.S. § 25-317 as authority for its refusal to give effect to the Rule 69 Agreement.

¶27 Because the court approved the Rule 69 Agreement before trial, and in the absence of either a request for relief under any rule or statute from the terms of the agreement or a finding of grounds for such relief, the court was bound by the Rule 69 Agreement at trial. The court therefore erred in refusing to give effect to the Rule 69 Agreement in its Decree. *See Engstrom*, 243 Ariz. at 472, ¶ 9 ("The family court erred by concluding that Rule 69 and A.R.S. § 25-317 vested it with authority to modify the [Rule 69] agreement after it . . . had approved it as an enforceable order." (cleaned up)).

¶28 Husband asserts that the Rule 69 Agreement was not binding because, when it approved the Rule 69 Agreement in April 2022, the court made no "independent determination[]" of the "fairness and reasonableness" of its terms. The absence of such a determination, he insists, renders the order approving and entering the Rule 69 Agreement "null and void."

¶29 Although the April 2022 order approving and entering the Rule 69 Agreement contains no express determination of the fairness of the Rule 69 Agreement, we assume that the court was aware of, and adhered to, applicable provisions of law. *Fuentes v. Fuentes*, 209 Ariz. 51, 58, ¶ 32 (App. 2004) ("[T]rial judges are presumed to know the law and to apply it in making their decisions." (citation omitted)).

¶30 In any event, if Husband was of the view that the court erred in approving the Rule 69 Agreement and entering it as an order in April 2022, then his remedy was to challenge the order by motion under Rule 83, Rule 85, or other legal authority. Husband was not, however, entitled to disregard the April 2022 order because he deemed it erroneous. Nor was the court free, when entering its Decree, to engage in what amounted to a horizontal appeal of the April 2022 order approving the Rule 69 Agreement. *See Smoole v. Maricopa County*, 177 Ariz. 185, 186 (Ariz. Tax Ct. 1993) ("Even though a superior court judge may disagree with another superior court judge's decision, he or she may not review that decision unless the party requesting review demonstrates new circumstances equal to new evidence or previously unavailable evidence." (cleaned up)). We find that the court erred in refusing to give effect to the April 2022 order approving the Rule 69 Agreement.

**¶31** After holding that the court abused its discretion in refusing to give effect to the parties' Rule 69 agreement to share joint legal decision-making authority, the *Engstrom* court remanded the case for further proceedings to determine "whether there was a change of circumstances after the court accepted the [Rule 69] agreement warranting a modification" of the terms of the Rule 69 agreement. 243 Ariz. at 473, ¶ 11.

**¶32** Although the *Engstrom* court remanded the matter for further evidentiary proceedings, we decline to do so here for two reasons. First, neither party has asked us to. Second, Husband did not follow the dictates of *Engstrom* by moving to set aside the April 2022 order approving the Rule 69 Agreement. In the absence of any such request for relief, we see no purpose to be served by further evidentiary proceedings.

**¶33** Accordingly, we reverse the provision of the Decree awarding the Rosewood property to both parties and remand with directions that the Decree be modified to award the Rosewood property to Wife as her sole and separate property.

## CONCLUSION

**¶34** For the foregoing reasons, we reverse the Decree to the extent it fails to incorporate the terms of the Rule 69 Agreement that the court approved in April 2022 and remand with directions that the Decree be modified to award the Rosewood property to Wife as her sole and separate property in accordance with the Rule 69 Agreement.

**¶35** Wife requests an award of attorney fees on appeal under A.R.S. § 25-324. In the exercise of our discretion, we grant Wife reasonable attorney fees on appeal pursuant to A.R.S. § 25-324 as well as taxable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA